## Staunton

MITCHELL TRANSPARENT ICE CO. v. TRIUMPH ELECTRIC CO.

September 7, 1914.

1 PLEADING—*Lien on Personalty—Petition Under Section* 2462 *of Code is a Proceeding at Law.*—Before the enactment of section 2462 of the Code, giving a remedy by petition for enforcing a lien on personal property sold, the parties could, and perhaps must, have gone into equity, and as the statute does not take away that remedy, they may still do so. The remedy given by the statute, however, is a proceeding at law, and when the whole matter of law and fact is submitted to and decided by the judge, he does not exercise the powers of a chancellor over a suit in equity, but of a court of law, with all the resulting consequences.

2. FRAUD AND FRAUDULENT REPRESENTATIONS—*Parol Evidence—Proof Required.*—Misrepresentations or fraud in the procurement of a contract may be shown by parol evidence although the contract itself may have been reduced to writing, but the proof of the alleged fraud must be convincing. In the case at bar, the evidence is far from sustaining the allegations of fraud and misrepresentation.

3. APPEAL AND ERROR—*Plain Error of Trial Court.*—The action of the trial court in allowing a credit on a plaintiff's claim will not be set aside on the ground that the plaintiff conceded the credit as a compromise, unless the evidence is such as to show that the trial court plainly erred in allowing the credit.

Error to a judgment of the Circuit Court of Tazewell county in a proceeding by petition under section 2462 of the Code. Judgment for the petitioner. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Henry, Graham & Hawthorne,* for the plaintiff in error.

*Greever & Gillespie,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This case involves a controversy over an ice tank purchased by the defendant from the plaintiff upon which a lien was reserved for the purchase money. The suit was brought under subdivision 2 of section 2462 of the Code of 1904, which provides that the lien may be enforced by a petition, which shall state the contract, the plaintiff's claim and describe the property. In answer to the petition the defendant shall state his grounds of defense or his counter-claim or offset, to which the plaintiff may reply. There was no jury, the whole matter of law and fact being submitted to the court for the determination of all questions arising out of or under the contract which were properly raised by the pleadings.

It is suggested by the defendant that it was the intention of this statute to give the judge the powers exercised by a chancellor over a cause in equity, and, therefore, that the whole case should be reviewed here as if it were the record of a chancery cause. Before the statute was enacted under which this suit was brought, the parties could have, and perhaps must have, gone into equity, and as the statute does not take away that remedy, may still do so. There is, therefore, no need to strain the language of the statute in this suit to enable the parties to have the benefit of chancery practice. The chancery court was open to them had they so chosen. They preferred a court of law and did not ask for a jury; the whole matter of law and fact being submitted to and decided by the court, with all the resulting consequences. It appears from the record that on March 4, 1911, at Graham, Virginia, the defendant, Mitchell Transparent Ice Co., by its president, William Mitchell, wrote the plaintiff,

Triumph Electric Company, at Cincinnati, Ohio, as follows: "We hereby authorize you to enter our order for material for a twelve ton ice making tank, in accordance with conditions and material specifications attached and made a part hereof. . . . It is understood that this is not binding upon you until accepted by you at your Cincinnati office by an officer of the company." This order together with the "conditions and material specifications" attached was received by the plaintiff at its Cincinnati office, examined, approved and accepted on March 6, 1911, and on March 9, 1911, the defendant wrote to the plaintiff as follows: "We beg to acknowledge receipt of your favor of the 6th instant, enclosing contract for twelve ton ice tank, which has been duly accepted by you."

Under this contract the ice tank was furnished and put into operation, an engineer of the plaintiff company remaining in charge of the plant for a period of five days, as provided in the contract, at the end of which time the defendant company, by William Mitchell its president, wrote the plaintiff at Cincinnati that its engineer had finished his work and that the plant was running satisfactorily up to that time. After this considerable payments were made on the purchase from the plaintiff and this suit was brought to recover the balance due, resulting in a judgment in favor of the plaintiff for $1225.66, with interest from June 3, 1911, and costs.

The chief contention of the defendant is that it was induced to discard its old ice tank and to buy a new one from the plaintiff because of additional guarantees, not embodied in the written contract, given by the plaintiff's agent, and further by the false and fraudulent representations of such agent, all made prior to the date of the written contract.

It is an elementary principle that misrepresentations

or fraud in the procurement of a contract may be shown, although the contract itself may have been reduced to writing; the proof, however, of the alleged fraud must be convincing.

It is clear from the record that the power of the plaintiff's sale agent was restricted and that the limitations placed upon his authority were well known to the defendant. He knew that the agent had no power to make a contract binding his principal, for after the contract was reduced to writing and signed by the defendant, it was sent to the plaintiff for its acceptance by the defendant with the statement: "It is understood that this is not binding upon you until accepted by you at your Cincinnati office by an officer of the company." But apart from this, the record shows that the largest latitude was allowed the defendant in its attempt to establish the contention under consideration, much evidence being admitted in its support of doubtful competency to say the least. Giving the defendant, however, the full benefit of all the evidence adduced by it, the record fails to establish that in purchasing the tank it was misled to its disadvantage by any false and fraudulent representations of the plaintiff's agent, or that any guarantees were made by such agent, other than those contained in the written contract, which was carefully considered and understood by the defendant before it was accepted by the plaintiff.

The defendant further contends that the tank and its machinery furnished by the plaintiff was defective, and that it did not make, as guaranteed, twelve tons of ice per day. It can serve no good purpose to recite in detail the evidence bearing upon this contention. It is sufficient to say that it has been carefully considered and found to be not only insufficient to sustain the defendant, but ample to justify the conclusion that the plaintiff

Mitchell Ice Co. *v.* Triumph Elec. Co., 116 Va. 725. 729

Opinion.

complied with the terms and conditions of its written contract and furnished the defendant with an ice tank in good merchantable condition, capable of producing twelve tons of ice per day. From this view of the evidence it follows, necessarily, that the items of damage arising from alleged defects in the tank, asserted by the defendant, are not proper offsets to the plaintiff's claim.

The plaintiff assigns as cross-error the action of the circuit court in allowing the defendant credit upon the purchase price of the tank for $90.92, comprising three items for labor in assisting the plaintiff's engineer in erecting the tank. The record shows that these items were the subject of dispute between the parties prior to the institution of this suit, and that the plaintiff finally conceded the credit to the defendant. The plaintiff now claims that this was done as a compromise. The evidence in support of this position is not sufficiently clear to justify us in holding that the lower court plainly erred in allowing the credit mentioned.

Upon the whole case, we are of opinion that there is no error to the prejudice of the defendant in the judgment complained of, and it must be affirmed.

*Affirmed.*