## Wytheville.

SOUTHERN MANUFACTURING AND SUPPLY CO. V. KLAVAN.

June 12, 1919.

1. SALES—*Reservation of Title in Seller—Failure to Pay Install-ments.*—A contract for the sale of personal property upon installment payments and reserving title in seller until the property was fully paid for, provided that in the event of default in payment of any of the installments when due, at the election of the seller all the deferred payments should thereby become due and payable, and the seller might proceed to collect the same.

   *Held:* That upon default the seller might proceed by notice of motion for judgment to recover the balance due on the contract.

2. SALES—*Reservation of Title in Seller—Failure to Pay Install-ments—Section 2462 of the Code of 1904.*—Section 2462 of the Code of 1904, which provides that, where goods and chattels are sold under an installment contract, and the title is retained by the vendor, or a lien is reserved thereon, and the vendee makes default, the vendor may proceed by petition and obtain relief by having the property sold under the orders of the court, or by having it returned to him, or by receiving in such proceeding such relief as the court may adjudge him to be entitled to, is not exclusive.

3. SALES—*Reservation of Title in Seller—Failure to Pay Install-ments—Section 2462 of the Code of 1904.*—The statute (sec. 2462 of the Code of 1904) was passed in order to afford a remedy in one proceeding as a substitute for an action of detinue for the recovery of property, for a suit in equity for the enforcement of the lien, and a decree for the balance due. It was clearly not intended to take away the common-law remedy of the vendor to bring an action at law for the amount due by the vendee.

Error to a judgment of the Corporation Court of city of Hopewell in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*W. L. Devany, Jr.,* for the plaintiff in error.

*A. L. Jones,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The Southern Manufacturing and Supply Company filed its notice of motion for judgment against Klavan for the sum of $500 due on twenty notes of $25 each. These notes were for the balance of the purchase price of three pool tables and equipment therefor, sold under a written contract which required the company to take down the old tables and put up the new ones. The plaintiff delivered the tables and commenced the work of putting them in place, but was delayed, and by its direction the defendant finished the work of putting them up at the cost of $7.50 for labor. The plaintiff reserved title to the property until it should have been fully paid for, the defendant retained the property as the property of the plaintiff, and agreed neither to remove it nor to sell or attempt to sell it without the consent of the plaintiff. Among other provisions, this appears in the contract: "It is further agreed between the parties to this contract that in the event of default in payment of any of the installments for the period of thirty days from the time from which it or they are due, then at the election of the said party of the first part, all the deferred payments shall thereby become due and payable, and said party of the first part may proceed to collect same."

[1, 2] The defendant pleaded, and the parties went to trial; the jury returned a verdict for the plaintiff for $492.50—that is, for the full amount of the notes, less $7.50 which the defendant had expended for labor in putting the tables in place; and the court gave judgment for

the amount of the verdict, together with $49.25, attorney's fee, being ten per cent. of the amount of the judgment, as provided for in the notes sued upon, with costs. Thereafter the court, upon motion of the defendant, during the same term of the court, set aside that judgment and granted a new trial, upon the ground that the judgment was contrary to the law and the evidence, to which action the plaintiff excepted. Upon the second trial the case was submitted to the judge without evidence, and there was a judgment for the defendant, to which the plaintiff also excepted.

It appears from the brief of counsel that the reason the first judgment was set aside was because the court was of opinion that the statute, section 2462 of the Code, which provides that where goods and chattels are sold under such a contract and the title is retained by the vendor or a lien is reserved thereon, and the vendee makes default, the vendor may proceed by petition and obtain relief by having the property sold under the orders of the court, or by having it returned to him, or by receiving in such proceeding such relief as the court may adjudge him to be entitled to, is exclusive; and that the vendor has no other remedy except those afforded by this statute.

If this was the reason, it is clearly insufficient. The statute was passed in order to afford a remedy in one proceeding as a substitute for an action of detinue for the recovery of property, for a suit in equity for the enforcement of the lien, and a decree for the balance due. *Liquid Carbonic Co.* v. *Whitehead,* 115 Va. 586, 80 S. E. 104; *Mitchell Ice Co.* v. *Triumph Electric Co.,* 116 Va. 725, 82 S. E. 730. It was clearly not intended to take away the common law remedy of the vendor to bring an action at law for the amount due by the vendee. In this case the vendor exercised his election to proceed by motion for the recovery of the debt. That, under the contract, he had this right is so

clear as not to need the citation of any authority, and we are of opinion that the court erred in setting aside the verdict and judgment in his favor upon the first trial. This court will, therefore, enter such judgment here.

*Reversed.*