(102 So. 600)

## DRENNEN MOTOR CAR CO. v. WELDED PRODUCTS CO.　(6 Div. 382.)

(Court of Appeals of Alabama. Oct. 7, 1924. Rehearing Denied Dec. 16, 1924.)

1. Sales ⬤⟹479(11)—Provision in conditional sale contract that if property returned, all back payments would be made, held valid.

Provision in conditional sale contract, that if property is returned all back payments would be made, is valid; rule that if conditional seller repossesses property he cannot thereafter sue for any unpaid price not being founded on public policy, but merely arising out of contract itself to carry out parties' evident intention.

2. Contracts ⬤⟹53—Hardship on one of parties alone insufficient to invalidate contract.

Hardship on one of parties alone is insufficient to invalidate contract.

3. Corporations ⬤⟹410—Conditional sale contract executed through corporate buyer's president held not voidable.

Conditional sale contract, executed by corporate buyer through its president, who had authority to make purchases and transact general business of corporation, was not voidable.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action on promissory notes by the Drennen Motor Car Company against the Welded Products Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte Welded Products Co., 212 Ala. 335, 102 So. 601.

W. H. McGowen and David R. Solomon, both of Birmingham, for appellant.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The provision of the contract to make all back payments in the event of the return of the property is valid. Bedard v. Ransom, 241 Mass. 74, 134 N. E. 392, 25 A. L. R. 1488; Rudolph Wurlitzer Co. v. Mandarin, 178 Wis. 185, 188 N. W. 639.

Coleman, Coleman, Spain & Stewart and Atwell J. Brown, all of Birmingham, for appellee.

The vendor, by retaking the property on failure of vendee to pay installments, waives the right to recover any unpaid installments. Dowdell v. Empire Fur. Co., 84 Ala. 316, 4 So. 31; Tanner v. Hall, 89 Ala. 628, 7 So. 187; Lehman, Durr & Co. v. Van Winkle, 92 Ala. 443, 8 So. 870; Montgomery Iron Works v. Smith, 98 Ala. 644, 13 So. 525; Thomason v. Lewis, 103 Ala. 426, 15 So. 830; Sanders v. Newton, 140 Ala. 335, 37 So. 340, 1 Ann. Cas. 267; Davis v. Millings, 141 Ala. 378, 37 So. 737; Hickman v. Richburg, 122 Ala. 638, 26 So. 136; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944; Jefferson v. Sawyer, 206 Ala. 73, 89 So. 168, L. R. A. 1916A, 915, note. The provision to make all back payments after property is repossessed is without consideration. Kelley Springfield Co. v. Schlimme, 220 Pa. 413, 69 A. 867, 123 Am. St. Rep. 707; McBryan v. Universal Elevator Co., 130 Mich. 111, 89 N. W. 683, 97 Am. St. Rep. 453. The contract was voidable. Mobile L. & I. Co., v. Gass, 142 Ala. 520, 39 So. 229.

FOSTER, J. The complaint in this case declared upon two promissory notes executed by the defendant and representing a part of the purchase price of an automobile purchased by the defendant from the plaintiff. The automobile was purchased under a conditional sale contract, requiring the payment of the purchase price in equal installments as evidenced by promissory notes, two of such notes being the notes sued upon.

The contract contained the following provision:

"I further agree to make all back payments in case said property is returned."

Default was made in the payment of the purchase price of the automobile, and the plaintiff repossessed the same. At the time of the repossession, the notes sued upon were past due.

The defendant pleaded in short by consent and in addition filed a verified plea of non est factum. The cause was tried by the court sitting without a jury and a judgment rendered in favor of defendant.

[1] The main question presented for review on this appeal is the validity vel non of the provision contained in the conditional sale contract, that in case the property was returned all back payments would be made. Unquestionably, the decisions have held with uniformity that as a general proposition where a conditional sale vendor repossesses the property he cannot thereafter sue for any unpaid purchase price; by electing to repossess the property he waives the right to sue and collect for the unpaid purchase price. Dowdell v. Empire Fur. & Lbr. Co., 84 Ala. 316, 4 So. 31; Tanner v. Hall, 89 Ala. 628, 7 So. 187; Jefferson v. Sawyer, 206 Ala. 73, 89 So. 168.

The above principle is not such an arbitrary rule of law and binding to such an extent that parties cannot make a contract of different effect. It is not a rule founded upon public policy, but simply arising out of the contract itself. It is a correct statement of the law because to hold otherwise would be inconsistent with the terms, implied though they may be, of the contract. It is a correct principle of law, for the reason that it carries out the evident purpose and intention of the parties to the contract. Therefore, where the intention of the parties is clearly expressed to the contrary, and where an agreement is expressly entered into to the contrary, there is no rule of law whereby the intention of the parties should not be carried out and their agreement upheld.

Though this identical question has never before arisen in this jurisdiction, it has been decided by the courts of other states. In Bedard v. Ransom, Inc., 241 Mass. 74, 134 N. E. 392, 25 A. L. R. 1488, the Supreme Court of Massachusetts held:

"A contract which requires the buyer or lessee to pay the full purchase price, when the property has already been returned, may be a hard and oppressive contract, especially where the property has not been damaged and the payments already made are adequate compensation for its use. On the other hand the parties were free to make such a contract. They have expressly agreed that all sums unpaid are to be considered as liquidated damages, to compensate the seller for the breach of the terms of the contract, which he is authorized to collect. They contracted that the lessor had this right to recover and the contract is enforceable."

The above case may be distinguishable from the instant case in that in the latter the provision did not relate that back payments would be made as liquidated damages. This distinction, however, is directed at the form rather than at the substance of the two agreements. In the case cited the ability of the parties to make an agreement altering the liability of one under a conditional sale contract was recognized and such agreement upheld.

Again, in the case of Rudolph Wurlitzer Co. v. Mandarin Co., 178 Wis. 185, 188 N. W. 639, the court, in declaring valid a provision of a conditional sale contract very similar to the provision in question in the present case, said:

"We know of no reason why parties of sound mind may not make such an agreement as these parties made, if they choose to do so,

and why. the amount due may not be recovered, although possession of the property has been taken by the vendor."

In Atkinson v. Japink, 186 Mich. 335, 152 N. W. 1079, which dealt with the effect of transferring purchase-money notes, the court held in effect that when title is reserved, retention thereof by the vendor is inconsistent with an action to recover the debt, but that, if the contract imports that the title is retained as security merely, action ·to enforce the debt will not be inconsistent with the reservation.

[2] It is insisted by counsel for appellee that to uphold the validity of the provision in question would, under certain conditions, work a great hardship upon the purchaser of the property. This is doubtless true. However, hardship alone upon one of the parties is not sufficient to invalidate a contract. Furthermore, in the great majority of instances, a greater hardship would in all probability be inflicted upon the vender if such a provision were unenforceable. The case of Montgomery Iron Works v. Smith, 98 Ala. 644, 13 So. 525, in which it was held that where personal property is sold on time, and the vendor retains the legal title as security for the payment of the purchase money, and as further security, takes a mortgage on other property, the sale of the mortgaged property at less than the secured debt, does not estop the vendor from asserting his legal title to the property originally sold, is in answer to appellee's contention. The court in that case said:

"The contention of defendant cannot be sustained. The title to the property sold, was retained in the plaintiff, as a form of security for the payment of the purchase money. Common experience teaches, that the liability to wear, tear, depreciation in value of machinery such as this, while in use, is very great; and the contract entered into bears evidence of an intention on the part of the plaintiff, to provide against loss in this direction. * * * We may reasonably infer, under these circumstances, considering the nature of the property sold, its liability to deterioration from use, and the possibilities of loss, on the part of plaintiff in the transaction, that the object it had in taking the mortgage, and in all the other cautionary measures referred ·to above, so legal and proper to be reserved, was to increase the security for the carrying out of the contract, in the payment of the purchase price for the property sold, and not have it thrown back on plaintiff's hands, worth, perhaps, not half its value when sold to defendant."

All of the authorities cited by counsel for appellee in support of its contention that the provision of the contract was without consideration and invalid have been carefully examined. Those that are in point are not in conformity with the law in this jurisdiction.

[3] There is no real merit to the contention of the appellee that the contract was voidable. It was executed by the defendant corporation acting through its agent, who was president of the corporation and who had authority to make purchases for the corporation and transact the general business of the corporation. The case of Mobile Land & Improvement Co. v. Gass, 142 Ala. 520, 39 So. 229, is not analogous to the present case, as that case was a proceeding between an officer of the corporation and the corporation itself.

The trial court erred in rendering judgment for the defendant. The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.