(July 9, 1925.)

W. I. SMITH, Appellant, v. MIKE HARRINGTON, Respondent.

[238 Pac. 530.]

CONDITIONAL SALE CONTRACT—REMEDIES FOR BREACH.

1. An assignment of error that "the evidence is insufficient to warrant the findings and decision" will not be considered when there is no specification of the particulars in which the alleged insufficiency consists.

2. Under a conditional sale contract, which provides that, on default of the buyer, the seller may retake possession, sell the property, credit the buyer with the proceeds and hold him for the balance, the seller is entitled to judgment for the balance of the agreed price remaining due, after reselling the property and crediting the buyer with the proceeds thereof.

---

Publisher's Note.

2. Rights and remedies of seller when buyer defaults on conditional sale contract, see note in 133 Am. St. 563.

3. In a conditional sale contract where title to the property is retained by the seller, the possession of the property, the right to its use and to acquire title thereto is a sufficient consideration to support the promise of a buyer to pay the agreed price, or any deficiency thereof remaining upon the retaking and resale of the property, according to the contract, because of the default of the buyer.

APPEAL from the District Court of the Fifth Judicial District, for Caribou County. Hon. O. R. Baum, Judge.

Action on conditional sale contract. Judgment for defendant. *Reversed.*

C. E. Melvin, for Appellant.

Where there is a provision authorizing the seller in certain circumstances to retake the property, dispose of it and hold the buyer for any deficiency, after applying the proceeds of the property upon the purchase price, the great majority of the cases considering the matter sustain the validity of and enforce provisions of this character. (*Harkness v. Russell & Co.*, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285; *Adams v. Anthony*, 178 Cal. 158, 172 Pac. 593; *Continental Guaranty Corp. v. People's Bus Line* (Del.), 117 Atl. 275; *Pannel v. McGarity*, 27 Ga. App. 71, 107 S. E. 352; *Herbert v. Rhodes-Burford Furniture Co.*, 106 Ill. App. 583; *Schneider v. Daniel*, 191 Ind. 59, 131 N. E. 816; *Christie v. Scott*, 77 Kan. 257, 94 Pac. 214; *Bedard v. C. S. Ransom, Inc.*, 241 Mass. 74, 134 N. E. 392, 25 A. L. R. 1488; *Van Den Bosch v. Bouwman*, 138 Mich. 624, 110 Am. St. 336, 101 N. W. 832; *Atkinson v. Japink*, 186 Mich. 335, 152 N. W. 1079; *Adler v. Weis & F. Co.*, 66 Misc. 20, 119 N. Y. Supp. 634; affirmed, 138 App. Div. 918, 123 N. Y. Supp. 1104; *McCormick Harvesting Machine Co. v. Koch*, 8 Okl. 374, 58 Pac. 626; *Internatl. Harvester Co. v. Bauer*, 82 Or. 686, 162 Pac. 856; *First Nat. Bank of Sheridan v. Yocum*, 96 Or. 438, 189 Pac. 220; *Rudolph Wurlitzer Co. v. Man-*

Publisher's Note.

3. Validity of provision in conditional sale contract for collection of unpaid purchase money after retaking property, see note in 25 A. L. R. 1400.

*darin Co.*, 178 Wis. 185, 188 N. W. 639; *Studebaker Bros. Co. v. Mau*, 13 Wyo. 358, 110 Am. St. 1001, 80 Pac. 151; note, 25 A. L. R. 1490.)

R. J. Dygert and A. A. Mattson, for Respondent.

In case of default of the purchaser in a conditional sales contract the seller may bring an action for the purchase price or he may retake the property, but he cannot do both. (*Utah Implement Vehicle Co. v. Kesler*, 36 Ida. 476, 211 Pac. 1079; *Pease v. Teller Corp., Ltd.*, 22 Ida. 807, 128 Pac. 981; *Peasley v. Noble*, 17 Ida. 686, 134 Am. St. 270, 107 Pac. 402; *Mark Means Transfer Co. v. McKinzie*, 9 Ida. 165, 73 Pac. 135, 27 L. R. A., N. S., 216.)

Where by the particular conditions of the contract between the parties it is agreed that the balance due after the retaking of the property, upon the note, shall be the measure of damages for the breach of the contract by the vendee and for the use and damage to the property, this court has held the rule not to apply. (*Miller-Cahoon Co. v. Lawrence*, 31 Ida. 704, 176 Pac. 774.)

WM. E. LEE, J.—The respondent purchased a binder and truck from appellant, under two certain conditional sale notes or contracts, in each of which he promised to pay the sum of $150 and interest. The contracts contained the following provisions:

"I agree that the title thereto . . . . shall remain the property of W. I. Smith . . . . until this and all other notes given for the purchase price shall have been paid in money. If I fail to pay this note when due . . . . the holder of this note may seize and sell the same at public or private sale, with or without notice, pay all expenses thereby incurred, and apply the said proceeds upon this note and to the notes given for the purchase price thereof, whether due or not due, and retain all payments before made as rent for the use of said property. I especially agree to pay any balance

on this note remaining unpaid after such property is sold.
. . . . ''

The respondent failed to make the stipulated payments, and appellant recovered possession of the property in an action of claim and delivery. The property was sold for thirty dollars, in which sum respondent was given credit. This action was instituted to recover the balance claimed to be due. The court denied any relief to appellant and ordered judgment for respondent for his costs.

One of the specifications of error is that the ''facts and evidence submitted are insufficient to warrant the findings and decision of the court.'' This specification is clearly insufficient. An assignment that the evidence is insufficient to warrant the findings and decision will not be considered when there is no specification of the particulars in which the alleged insufficiency consists. (*Hill v. Porter*, 38 Ida. 574, 223 Pac. 538, and cases there cited; *Merrill v. Fremont Abstract Co.*, 39 Ida. 238, 227 Pac. 34; *Intermountain etc. Co. v. Norris*, 39 Ida. 685, 229 Pac. 745.)

The important question in the case is whether, under this conditional sale contract, on the default of the buyer, the seller, having retaken and resold the property, was entitled to a judgment for the deficiency. A conditional sale contract, which provides that, on default of the buyer, the seller may retake possession, sell the property, credit the buyer with the proceeds and hold him for the balance, is valid and enforceable. Such a contract was within the rights of the parties and the remedies provided for its enforcement are neither contrary to good morals nor against public policy. The recovery of possession of the property by means of the action in claim and delivery, under the terms of the contract, did not constitute a rescission. The seller merely pursued the remedy provided by the parties themselves, and sold the property for the account of the buyer to determine the amount remaining due. (*Adams v. Anthony*, 178 Cal. 190, 172 Pac. 593; *First Nat. Bank v. Yocum*, 96 Or. 438, 189 Pac. 220; *International Harvester*

*Co. v. Bauer,* 82 Or. 686, 162 Pac. 856; *Continental Guarantee Corp. v. People's Bus Line* (Del.), 117 Atl. 275; *McCormick Harvesting Mach. Co. v. Koch,* 8 Okl. 374, 58 Pac. 626; *Bedard v. Ransome,* 241 Mass. 74, 134 N. E. 392, 25 A. L. R. 1488; *Rudolph Wurlitzer Co. v. Mandarin Co.,* 178 Wis. 185, 188 N. W. 639; *Christie v. Scott,* 77 Kan. 257, 94 Pac. 214; 24 R. C. L., sec. 786. See, also, notes, 25 A. L. R. 1490; 12 A. L. R. 503; *Pannell v. McGarity,* 27 Ga. App. 71, 107 S. E. 352.)

Respondent contends that, since the contract provides that the seller might "retain all payments before made as rent for the use of said property," there was no consideration for the promise to pay the deficiency. The buyer contracted to pay the agreed price, with interest until paid, and the sum here in question is a portion of that agreed price, the remainder thereof. There was a consideration for the promise to pay the so-called deficiency. The promise to pay the agreed price was made in consideration of the possession of the property, the right to its use and to acquire title to it. "A contract of conditional sale, giving possession and use of the goods to the buyer while title remains in the seller until full payment, affords a sufficient consideration for the buyer's absolute promise to pay the agreed price." (*First Nat. Bank v. Yocum, supra; Kilmer v. Moneyweight Scale Co.,* 36 Ind. App. 568, 76 N. E. 271; note to 12 A. L. R. 503.)

The decision in *Miller-Cahoon Co. v. Lawrence,* 31 Ida. 704, 176 Pac. 774, is not out of harmony with this view. In *Utah Implement etc. Co. v. Kessler,* 36 Ida. 476, 211 Pac. 1079, the seller commenced an action to recover the purchase price of the property according to two conditional sale notes. The lower court granted a nonsuit on the ground, as stated in the opinion, " . . . . that this action could not be maintained, but that appellant was limited to the one course of retaking the property." The only issue presented in that case was whether, under that particular contract, the seller could prosecute his action for the purchase price without first retaking the property. There is nothing in that opin-

ion, necessary to a decision, contrary to the views herein expressed. It might be well to state, however, that the decisions of this court, referred to in the Kessler case, related to conditional sale contracts containing mere reservations of title and that none of them contained an express provision for the recovery of a deficiency as is found in the contracts in the Miller-Cahoon and Kessler cases.

We know of no reason why conditional sale contracts, like other contracts, should not be enforced according to the intent of the parties as expressed in the instrument. The judgment is reversed. .

Costs to appellant.

Budge, Givens and Taylor, JJ., concur.