(July 10, 1925.)

## L. A. GRAVES, Appellant, v. ORVAL BROWN, Respondent.

[238 Pac. 532.]

CONDITIONAL SALES—PLEADING.

> 1. Under a conditional sale contract providing therefor, on default of the buyer to make the stipulated payment, the consequent repossession and resale of the property and the crediting of the proceeds of the resale on the agreed price, the seller is entitled to judgment for the balance due.
>
> 2. The complaint examined and *held* to state a cause of action.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. Geo. W. Edgington, District Judge.

Action on conditional sale contract. Judgment for defendant. *Reversed.*

---

Publisher's Note. ·

1. Rights and remedies of seller when buyer defaults on conditional sale contract, see note in 133 Am. St. 563.

Validity of provision in conditional sale contract for collection of unpaid purchase price after retaking property, see note in 25 A. L. R. 1400.

A. H. Wilkie, for Appellant.

Where the instrument merely contains a promise by the maker to pay, a retention of title by vendor, bailor or lessor, or retention of title and right to repossess by vendor, bailor or lessor on maker's default, after the maker repossesses the property he cannot sue for the balance of the purchase price or any part thereof. The right to repossess the property and to sue for the purchase price is inconsistent and is not accumulative. (*Pease v. Teller Corp.*, 22 Ida. 807, 128 Pac. 981; *Berlin Machine Works v. Dehlbom Lumber Co.*, 32 Ida. 566, 186 Pac. 513.)

Where the conditional sale contract provides for unconditional payment of the face of the note by the maker, retention of title by the holder with right to repossess upon default of maker, with or without the further provision that the maker would pay any balance or deficiency after the application of the proceeds upon the note, unless the agreement to pay such balance is supported by the agreement to pay it as and for use and rental of the property, the holder of such note after repossession of the property cannot hold the maker for such deficiency. (24 R. C. L., sec. 786; L. R. A. 1916A, p. 915 et seq.; *Star Drilling Machine Co. v. Richards*, 272 Pa. 383, 116 Atl. 309, 23 A. L. R. 1460.)

Thomas B. Hargis, for Respondent.

When the express condition of the sale and purchase for which a note is given is that the title to the property in question does not pass until the note is paid in full, and that the seller may, upon default, retake the property and sell it and apply the proceeds of such sale on the note, and that the purchaser will pay any balance remaining unpaid after such application, the seller may, upon default, repossess the property and sell it and apply the proceeds on the note, and then maintain an action against the purchaser for the balance unpaid on the note. (*McCormick Harvester Co. v. Koch*, 8 Okl. 374, 58 Pac. 626; *Christie v. Scott*, 77 Kan. 257, 94 Pac. 214; *First Nat. Bank v. Yocom*, 96 Or. 438, 189 Pac.

220; *Minneapolis Threshing Machine Co. v. Nash*, 103 Kan. 871, 176 Pac. 628; *Lumbar v. Janzen*, 112 Kan. 197, 210 Pac. 186; *Matteson v. Equitable Min. & M. Co.*, 143 Cal. 436, 77 Pac. 144; *Miller-Cahoon v. Lawrence*, 31 Ida. 704, 176 Pac. 774.)

WM. E. LEE, J.—Under a conditional sale contract appellant sold to respondent certain personal property, consisting of a team of horses, a set of work harness and a disc plow. Respondent failed to make the payment provided. Appellant, in an action of claim and delivery, repossessed himself of the property, sold it, credited the proceeds on the agreed price and commenced this action for the balance due. The trial court sustained a demurrer to the complaint on the ground that it did not contain sufficient facts to constitute a cause of action. Appellant refused to plead further and a judgment, dismissing the action, was entered. The appeal is from the judgment, and the action of the court in sustaining the demurrer is assigned as error.

The complaint alleged the execution and delivery of the following contract:

" . . . . Six months after date for value received, I, we, or either of us, promise to pay to the order of L. A. Graves, three hundred ninety dollars. This note represents the value of one team of horses nine years old, one set of work harness, one tripple disc plow, and shall be the property of the first party until this note is paid in full. . . . . The maker of this note agrees to pay any and all deficiencies if property is taken and resold by payee . . . . "

The complaint further alleged the delivery of the property to the defendant and its use and retention by him for nearly a year; that respondent failed to make payment; that appellant repossessed himself of the property, sold it and credited the proceeds on the purchase price.

The question involved is whether the complaint states a cause of action for the recovery of the balance of the purchase price remaining due under the conditional sale contract, on default of the buyer to make the stipulated pay-

ment, when the seller has retaken and resold the property and credited the sum realized therefrom on the purchase price. This court has held that under a conditional sale contract providing therefor, on default of the buyer to make the stipulated payment, the consequent repossession and resale of the property and the crediting of the proceeds of the resale on the agreed price, the seller is entitled to judgment for the balance due. (*Smith v. Harrington, ante,* p. 155, 238 Pac. 530.) We hold, therefore, that the complaint states a cause of action and that the trial court erred in sustaining the demurrer.

The judgment is reversed and the cause remanded, with instructions to overrule the demurrer and permit respondent to answer.

Costs to appellant.

Budge, Givens and Taylor, JJ., concur.