(116 So. 892)

### CAMPBELL MOTOR CO. v. SPENCER. (8 Div. 662.)

Court of Appeals of Alabama. May 15, 1928.

R. B. Patton, of Athens, for appellant.

Irby Scott and J. G. Rankin, both of Athens, for appellee.

SAMFORD, J. Motion is made by plaintiff to set aside the submission and for certiorari to bring up the correct record. Upon an examination of the record we find that the error made by the circuit clerk in copying the judgment on demurrer to replication is a lapsus pennæ, and upon reading the entire judgment is self-correcting. The granting of the motion would serve no good purpose and for that reason is overruled.

The plaintiff's claim is based upon two contracts whereby it sold to defendant two motortrucks, the purchase price to be paid in monthly installments and the title to the trucks was retained in the seller until paid. Default was made in the payments, plaintiff repossessed the trucks, sold them at private sale, applied the proceeds to the amount due on the contract, and now sues for the deficiency. Defendant filed pleas alleging a failure of consideration in that plaintiff had elected to repossess the trucks under the contracts. The plaintiff replied to these pleas as follows:

"1. The plaintiff for replication to pleas Nos. 2, 3, and 4, separately and severally says that on or about November 27, 1925, which time was a time after there had been a default in one of the notes sued upon, and which notes were a part of the bills of sale set forth in the defendant's plea, plaintiff took possession of said automobiles under said bills of sale, as he had a right to do; that said bills of sale were executed by the defendant on the 24th day of June, 1925, and among other things the defendant therein contracted with the plaintiff, as follows:

"'Buyer does hereby expressly waive any right of action against the seller growing out of the removal, repossession or retention of said car or otherwise, and hereby consents that upon any default (or in the event the buyer for any reason gives up or loses possession of the car) all unpaid balance of said purchase price and note representing the same shall forthwith become due and payable *Buyer agrees that all payments made shall belong to and be retained by seller, as liquidated damages for the nonfulfillment of this agreement, for loss in value of the car, and for the rental value thereof.* It is further agreed between the buyer and the seller that if the property herein described is lost, damaged or destroyed, with or without the fault of the buyer, the buyer will not be entitled to a rescission of the contract, or to an abatement in the price, but on the contrary buyer will be specifically obligated to the seller, or to his assigns, for the amount of the installments outstanding.

"'Seller may, by suit or otherwise, enforce payment of said note, and no legal proceeding with respect thereto shall be deemed any waiver of said right of seller to take possession on default, or breach as aforesaid.

"'Upon the seller so taking possession of the car, seller may sell the car, at public or private sale, at any time thereafter without any notice to the buyer, and said seller may become the purchaser thereof, and if the proceeds thereof are insufficient to pay all sums remaining unpaid hereunder, and the expense caused by such repossession, removal, reparation, storage, liens, and sale, including a reasonable attorney's fee, incurred in taking possession of said car, or in or about the sale thereof, or in collecting in any manner any sums which may be due and owing hereunder, any deficiency shall be paid by the buyer, any overplus shall be paid to the buyer. The waiver or indulgence of any default shall not operate as a waiver of successive default.'

"And plaintiff avers that it took possession of said automobile under and by virtue of the authority given to it under said contracts, and did sell said automobile at private sale as it had a right to do under said bills of sale, for the sum of $100 each, which amounts plaintiff did thereupon credit to defendant, giving him credit on each note for $100. And plaintiff says that his taking possession of said automobile under the circumstances above set out did not operate as an election of remedies, and that same does not preclude plaintiff from here suing for the balance due on the purchase price, but that he repossessed said automobile under the terms of the contract, as above set out.

"2. For further replication to pleas 2, 3, and 4, separately and severally, the plaintiff says that at the time he repossessed said trucks the defendant voluntarily delivered said trucks to

plaintiff with the request that plaintiff sell said trucks for the most advantageous price he could receive for them, and to credit the notes of defendant with the net proceeds of the sale, and that defendant would pay the balance then due on said notes. And plaintiff avers that he accepted said proposal of the defendant, and undertook to and did sell said trucks for the most advantageous price he could receive therefor, being the sum of $100 per truck, which amounts was a fair and reasonable market value of said trucks, and did credit each note of defendant with $100, and there now remains due on said notes, after allowing credit as above stated, the amount sued for in the complaint."

The court sustained demurrers to these replications. Plaintiff thereupon takes nonsuit, and from the judgment is this appeal.

Since the decision in Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944, it is settled law in this state that a vendor under a conditional sale wherein the title is reserved until the purchase price is paid, who, upon default in payment of installments, asserts his right to repossess the property, by such action abandons his right to sue for the purchase price.

It has also been held, and is here reaffirmed, that so long as public policy is not contravened and fraud is not practiced, parties may contract as they see fit and courts will not interfere simply because the one or the other party has driven a hard bargain. Drennen Motor Car Co. v. Welded Products Co., 20 Ala. App. 382, 102 So. 600.

The serious question arising in this case is as to the rights of the seller under a contract, not only reserving title, but also authorizing a resale of the property upon reducing it to possession under the contract and the application of the proceeds of the sale to the balance due on the purchase price, together with a provision that if there is any balance remaining unpaid the buyer shall be liable for such deficiency, and if the second sale is more than the balance due, the seller shall first apply the amount received to the extinguishment of the debt and paying over to the buyer any excess of such proceeds. This clause in a conditional sale contract has been the subject of many decisions of courts of last resort, all of which, with the exception of the Supreme Courts of Minnesota and Arkansas have held the contract to be valid and enforceable. Fulghum et al. v. General Motors, a Corporation, 30 Ga. App. 609, 118 S. E. 600; Warner v. Zuechel, 19 App. Div. 494, 46 N. Y. S. 569; Ascue v. Aultman & Co., 2 Willson Civ. Cas. Ct. App. § 497. To the same effect are the decisions of the Canadian courts, many of which are collated in L. R. A. 1916A, page 919. As we see it, the clause hereinabove discussed is valid and binding and permits the vendor to repossess the property upon default of the purchaser, sell it, apply the proceeds to the debt, and sue for the balance due if any part of the debt is left unpaid.

The rulings of the trial court were not in accord with the foregoing. The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.