W. P. HAMBLIN INC., *vs.* JULIA A. SPRAGUE.

MERCANTILE ACCEPTANCE CORP. *vs.* SAME.

MARCH 28, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. These cases were actions to recover on promissory notes given in connection with the purchase of an auto truck. They were heard together in this court, though coming from different counties. The Hamblin case is on exception to a directed verdict, the other on exception to a decision of the trial court, in favor of plaintiff.

Perhaps the Hamblin case might be decided without reference to the provisions of the agreement referred to in the note, which plaintiff took in lieu of cash. *Norman* v. *Meeker*, 91 Wash. 534. The controlling principle, however, of the Mercantile Acceptance Corp. case would govern the Hamblin case even if the note in the latter be treated as part of a "conditional sale" contract, and we therefore shall

treat the Hamblin note as in no stronger position than the Mercantile Acceptance Corp. note.

The Mercantile Acceptance Corp. case contains what is denominated an "agreed statement of facts" bearing no file mark and showing an allowance by the Superior Court on April 28, 1928. The jacket entry shows on April 2, 1928, "Heard on agreed statement of facts and decision rendered for pff. in the sum of $240.45 and defts exceptions noted." We assume that the document above referred to was the basis of the court's action and its allowance on April 28 was in lieu of a transcript showing the facts upon which the decision was rendered. Although called an "agreed statement", the fact that the court made a decision indicates that the procedure was not treated as a request for this court's opinion on a matter of law by virtue of General Laws 1923, Chapter 348, Section 4.

On May 16, 1925, defendant bought of plaintiff Hamblin an automobile truck for $1,131.80, entering into a written "conditional sale" contract reciting a cash payment of $399.80 and a balance of $732. A promissory note was executed for $732, due in twelve equal monthly payments of $61. Plaintiff Hamblin received instead of $399.80 in cash only $225 in cash and took defendant's note for $174.80 due June 1, 1925. The latter note bore a notation that it was issued "under an agreement (between Hamblin and defendant) dated May 16, 1925, to sell and purchase property therein described"; by the terms of this agreement title was retained by Hamblin "until all of said notes" giving pursuant to the agreement were paid in full in cash. The agreement, however, shows no reference to this note. Plainly the note was not given pursuant to the written agreement which recited a cash payment of $399.80 and the meaning of this notation evidently is that the word "under" in the agreement refers to connection with it not by virtue of it.

The agreement recites vendee's acceptance of the truck and that title and right of possession remain in vendor or

his assigns until the debt is fully paid in money at which time ownership shall pass to vendee. Then follow provisions common in conditional sale contracts, *Arnold* v. *Chandler Motors*, 45 R. I. 469, as well as some uncommon ones; risk of loss while in defendant's possession is in defendant and if loss occurs defendant is not relieved from payment of any notes given pursuant to the agreement; removal of the truck from the State and certain uses of it authorize a retaking; so, too, does failure to pay an instalment on the note when due, and such failure renders due the entire unpaid portion of the $732. Retaking is authorized if the vendor believes that the debt is insecure and upon retaking the vendor may dispose of the truck as it sees fit and retain all payments made thereon as "liquidated damages for use of said chattel" while in vendee's possession. Then follow provisions that the truck may be sold with or without notice and the proceeds credited upon the amount unpaid or that its fair market value may be credited if it is not sold and in either event the vendee "in consideration of the use and depreciation of said chattel" promises to pay the balance of the purchase price forthwith. Vendee also waives right to repayment of any excess after a sale or any accounting for the proceeds of sale. The note for $732 is one made by defendant to her own order, calling for twelve equal monthly instalments of $61 each, the first payable June 16, 1925, with interest "at the highest lawful rate." It was indorsed in blank by vendee, delivered to vendor and transferred to plaintiff Mercantile Acceptance Corp. who was vendor's financing agent in such transactions. Defendant paid two instalments and these not when due. In October, 1925, vendor retook and sold the truck crediting the proceeds ($400) on account. Then suit was brought on the notes for the unpaid portion of the purchase price.

In the simplest form of "conditional sale" contract the law is practically uniform that the vendor upon default may either retake his property or recover the unpaid purchase price. He can not do both. Retaking the property shows

an intention to cancel the debt. Suit on the note indicates intention to insist on the debt and upon recovery of the unpaid balance title passes to the vendee. Hence retaking and recovery on the note being inconsistent remedies, doing either constitutes an election. 35 Cyc. 696, n. 16; *Keystone Mfg. Co.* v. *Casselius,* 74 Minn. 115; *Nashville Lumber Co.* v. *Robinson,* 91 Ark. 319; *Jones* v. *Reynolds,* 45 Wash. 371.

In order to prevent the holder of the purchase price note from being charged with an election, when he retakes the chattel other stipulations have been added to the original type of conditional sale agreement. These new provisions give the vendor both the right to retake and after a resale and application of the proceeds, to collect the balance, if any, due on the original contract. Often there is a provision for accounting if the sale price exceeds the balance due. The effect is to leave the vendor legally the owner of the chattel with rights analogous to those of a mortgagee holding it as security for the payment of the debt. Such contracts partake both of the nature of a mortgage and of a conditional sale. They are anomalous but we know of nothing to forbid them as between the parties. An unrecorded mortgage is good between the parties. G. L. 1923, Chap. 302, Sec. 10. Compare damages recoverable by a vendor for conversion of a chattel conditionally sold, *Woods* v. *Nichols,* 21 R. I. 537; *Smith* v. *Goff & Darling,* 29 R. I. 439; *Pugh Bros.* v. *Marano,* 44 R. I. 1, and the meaning of "owner" in the registration statute, *Lennon* v. *L. A. W. Acceptance Corp. of R. I.,* 48 R. I. 363. In many states these modified conditional sale contracts are subject to statutory regulation. We have no statute relating to them. Hence, the question presented in the cases before us is whether there is any inherent difficulty in permitting plaintiff to recover the unpaid portion of the purchase price after retaking the truck, sale thereof and application of the proceeds on account.

In two cases it has been held that recovery of the balance could not be had on the original note. *Keystone Mfg. Co.* v. *Casselius, supra; Nashville Lumber Co.* v. *Robinson, supra.* It is asserted that consideration for which the note was originally given has been retaken by the vendor and that he can not be allowed both to take back the consideration and insist that the vendee shall pay for it in full.

On the other hand, it is insisted that liability on the contract depends upon what the parties actually agreed to. If they have used language which clearly shows that retaking was not intended to operate as cancellation of the debt it should be given effect in the absence of some contrary public policy. There can be no doubt of the intention of the parties in this contract, that retaking should not operate as an election. Such was the view in *Continental Guaranty Corp.* v. *People's Bus Line,* 117 Atl. 275 (Del.); *McCormick Harvesting Machine Co.* v. *Koch,* 8 Okl. 374; *International Harvester Co.* v. *Bauer,* 82 Ore. 686; *Gaar Scott* v. *Mitchell,* 1 D. L. R. 283 (Manitoba) (1912). That the contract is called one of conditional sale is not the important fact. The vital question is what have the parties agreed to. *Van Den Bosch* v. *Bouwman,* 138 Mich. 624; *Niman* v. *Story & Clark Piano Co.,* 213 Mich. 397; *Dederick* v. *Wolf,* 68 Miss. 500. HOLMES, J. tersely stated the situation in *White* v. *Solomon,* 164 Mass. 516: "We are not to construe equities into the contract, but to carry it out as the parties were content to make it. If a man is willing to contract that he shall be liable for the whole value of a chattel before the title passes, there is nothing to prevent his doing so, and thereby binding himself to pay the whole sum."

We perceive no public policy which prevented this vendee from agreeing that if vendor retook and sold for less than the unpaid balance vendor could still collect the balance of the original sale price.

When vendee agreed that vendor might sell and apply the proceeds, such a course rendered impossible the carrying out of the portion of the agreement that payment of the

balance by the vendee entitled her to possession of and title to the chattel. Both parties understood that vendee's right to have title could no longer be insisted upon. She had already received a credit for the amount received from the sale of the chattel to vendor's disposal of which she had agreed.

Defendant urges, however, that the contract is inconsistent with itself because the portions thereof relating to sale of the truck and right to sue for any unpaid balance are repugnant to the conditional sale portion of the contract. Hence, she urges the later provisions are void and that we are thrown back on the basic doctrine of conditional sales that retaking constitutes an election. We are not required to adopt such a view in the case before us. We have indicated that if this is a conditional sale contract it is an anomalous one. The portions of the contract upon which plaintiff relies however, are not so repugnant to the retention of title that we can give them no effect. We express no opinion upon that portion of the contract whereby vendee, irrespective of the amount paid by her, waives all right to an accounting or to inquire into any doings of the vendor with the retaken chattel. Such provisions may involve public policy and call for a determination whether the State will permit a person to debar herself by contract from legally ascertaining whether she has been overreached. The facts before us contain no suggestion that plaintiff attempted to take advantage of any such provisions of the contract.

There is no merit to defendant's so-called equitable plea.

We find no error in the action of the court in either case. The exceptions in each case are overruled and the cases are remitted to the Superior Court in the respective counties for the entry of judgment on the verdict as directed in the Hamblin case and according to the decision in the Mercantile Acceptance Corp. case.

*Grim, Littlefield & Eden,* for plaintiffs.

*Knauer & Fowler,* for defendant.