# Wythebille

## UNIVERSAL CREDIT COMPANY V. DALTON TAYLOR AND J. H. OLCOTT.

June 13, 1935.

Present, All the Justices.

The opinion states the case.

*Albert V. Bryan* and *T. Brooke Howard,* for the plaintiff in error.

*William A. Moncure* and *J. R. Caton, Jr.,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

On May 27, 1933, the Carter Motor Company of Alexandria, by a conditional sales contract sold to defendants a truck for the sum of $1,091, of which $395 was paid in cash, and the balance, $696, was payable in future installments of $58, each, the vendor reserving title to secure the unpaid purchase price. The contract contained, among others, the following provisions:

"In the event the purchaser defaults on any payment * * * this contract shall be in default and the full amount shall become immediately due and payable. Upon any such default the seller * * * may take possession of said property * * * without legal process, without demand (possession after default being unlawful), * * *. The seller may resell said property, so retaken, at public or private sale, with demand for performance, with or without notice to the purchaser * * *. From the proceeds of any such sale, the seller shall deduct all expenses for retaking, repairing and selling such property, * * *; the balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser; in case of deficiency the purchaser shall pay the same with interest and the purchaser does hereby confess judgment in the amount of such deficiency. Upon repossession by seller, all payments shall be retained by

seller as compensation for use, damage and depreciation of said motor vehicle. Seller shall have the right to enforce one or more remedies hereunder successively and concurrently, and such action shall not operate to estop or prevent the seller from pursuing any further remedy which he may have hereunder, and any repossession or retaking or sale of the property pursuant to the terms hereof shall not operate to release the purchaser until full payment has been made in cash."

By proper assignment, the Universal Credit Company became the owner of all the rights of the vendor in and under the contract. In September, 1933, defendants defaulted in the payment of the required installments. The Universal Credit Company repossessed the truck without legal action, sold it, whether at private or public sale does not appear, and applied the proceeds to the unpaid balance of the purchase price, leaving due thereon the sum of $468.65, for the recovery of which plaintiff instituted this action by notice of motion for judgment.

To this notice of motion defendants demurred on the ground that the notice of motion showed on its face that plaintiff had repossessed the truck without legal process; that this was tantamount to a rescission of the conditional sales contract and barred plaintiff from any action at law to recover the purchase price, or in detinue to recover possession of the property, or a suit in equity, or to proceed under Code, section 5190, to enforce the lien and obtain a judgment for the deficiency. To the action of the court in sustaining the demurrer, plaintiff sought and obtained this writ of error.

Defendants concede that plaintiff, under the terms of the conditional sales contract, before repossessing the truck, had a right to institute an action at law for recovery of the unpaid purchase price (see *Southern Mfg. & Supply Co.* v. *Klavan,* 125 Va. 438, 99 S. E. 566), a suit in equity, or to proceed under Code, section 5190, to foreclose the lien on the truck and for deficiency judgment. See *Liquid Carbonic Co.* v. *Whitehead,* 115 Va. 586, 80 S. E. 104.

If plaintiff had elected to pursue any one of the above remedies, the result would have been to deprive defendants of any right or interest in the truck, which would have been sold at public auction under an execution or by order of court; the net proceeds of sale would have been credited on the execution, in the one case, and on the unpaid purchase price, in the other, and a judgment rendered against defendants for the unpaid balance.

After making these concessions, defendants contend that repossession of the truck without legal process constitutes a rescission of the conditional sales contract, on the theory that the promise of payment and the implied obligation to transfer the title are mutual, and as each promise is the sole consideration for the other, the inability or refusal of the seller to perform excuses performance by the buyer. This theory has been adopted in a few jurisdictions, even though the contract may expressly give the seller the right to repossess the property, sell it, and hold the buyer for any deficiency. See *Minneapolis Harvester Works* v. *Hally*, 27 Minn. 495, 8 N. W. 597; 24 R. C. L. 493-4.

Williston, in exposing the fallacy of this theory, has this to say: "But that this (right to reclaim possession) involves a termination of the buyer's obligation to pay the price does not follow. The consideration for the promise to pay was the conditional right given the buyer, and 'when a man acts in consideration of a conditional promise, if he gets the promise he gets all that he is entitled to by his act, and if, as events turn out, the condition is not satisfied, and the promise calls for no performance, there is no failure of consideration.' If the terms of the bargain alone were to be considered, the exercise by the seller of his right to reclaim the goods would not debar him from recovering the full price. The only reason for denying him so broad a right is the equitable principle which forbids a forfeiture; and this should go no further than to limit his recovery to his actual injury.

" * * * No satisfactory solution of the rights of the parties in such a transaction can be found without observing that

the essential character of the transaction is the same as that of an absolute sale with a mortgage back." Williston on Sales (2d Ed.) volume 2, pages 1423, 1425.

The New Hampshire court, in *Mercier* v. *Nashua Buick Co.*, 84 N. H. 59, 146 Atl. 165, 167, disposes of this contention thus: "The right to payment of the price and the right to repossession, if payment is not made, both rise from the contract. The buyer has no right to refuse payment, and the right of repossession his refusal gives the seller is not a substitutive right for the right to payment. So far as it means the buyer's loss of the right to title, he has brought it on himself. Exercise of the right of possession is therefore not inharmonious with a claim for the price remaining unpaid."

Conditional sales contracts have been the subject of much litigation in other jurisdictions and divergent views have been expressed on the same provisions. Out of this conflict grew the demand for the Uniform Conditional Sales Act, now in force in many States. Under this act, the mortgage relation of the parties is recognized and their rights and remedies regulated accordingly. We have no statute dealing with the rights of the parties as between themselves, and their rights and liabilities depend upon the intention of the parties as expressed in the contract by which they have bound themselves.

In the contract under review the defendants unconditionally promised upon delivery of the truck to pay the sum of $1,091; $359 was paid in cash and the balance divided into equal installments payable monthly. Defendants further promised that if the truck was destroyed the loss should fall on them, that if there was a default in the payment of a monthly installment the entire purchase price should immediately become due and payable, and the seller was thereupon authorized to repossess the truck and sell it at public or private sale, with or without notice to the buyer, credit the net proceeds on the amount due, and if such proceeds exceeded the amount unpaid the same was to be paid to the buyer, and if there was a deficiency after

making such credit the buyer unconditionally agreed to pay the same.

· The gist of defendants' contention is that the stipulations in the contract to which they became party are harsh, and for that reason they should not be bound by the terms of their own agreement. Mr. Justice Holmes, in *White* v. *Solomon,* 164 Mass. 516, 42 N. E. 104, 105, 30 L. R. A. 537, said:

"We are not to construe equities into the contract, but to carry it out as the parties were content to make it. If a man is willing to contract that he shall be liable for the whole value of a chattel before the title passes, there is nothing to prevent his doing so, and thereby binding himself to pay the whole sum."

In *Harkness* v. *Russell & Co.,* 118 U. S. 663, 667, 7 S. Ct. 51, 53, 30 L. Ed. 285, this is said: "Upon an agreement to sell, if the purchaser fails to execute his contract, the true measure of damages for its breach is the difference between the price of the goods agreed on and their value at the time of the breach or trial, which may fairly be stipulated to be the price they bring on a resale. It cannot be said, therefore, that the stipulations of the contract were inconsistent with, or repugnant to, what the parties declared their intention to be, namely, to make an executory and conditional contract of sale. Such contracts are well known in the law and often recognized; and when free from any fraudulent intent are not repugnant to any principle of justice or equity, even though possession of the property be given to the proposed purchaser."

In *Rudolph Wurlitzer Co.* v. *Mandarin Co.,* 178 Wis. 185, 188 N. W. 639, 640, the court said: "We know of no reason why parties of sound mind may not make such an agreement as these parties made, if they choose to do so, and why the amount due may not be recovered, although possession of the property has been taken by the vendor."

The seller, after repossessing the property and selling it on account of the buyer, has been allowed to recover the deficiency in numerous cases. See *Drennen Motor Co.* v.

*Welded Products Co.,* 20 Ala. App. 382, 102 So. 600; *Campbell Motor Co.* v. *Spencer,* 22 Ala. App. 465, 116 So. 892; *Hamblin, Inc.* v. *Sprague,* 50 R. I. 99, 145 Atl. 307; *Bankston* v. *Hill,* 134 Miss. 288, 98 So. 689, 37 A. L. R. 91; note to *Mitchell* v. *Auto Sales Co.,* 83 A. L. R. 960.

It will be noted that the question of forfeiture does not arise, as the contract specifically provides that if the property was repossessed it should be sold and the seller should render an account of the proceeds. The seller, in accordance with the agreement of the parties, repossessed the property. Thus the relation of the parties became similar to that of pledgee and pledgor, with the right to dispose of the pledge in accordance with the stipulations of the contract. See *Matteson* v. *Equitable Min. & Mill. Co.,* 143 Cal. 436, 77 Pac. 144.

Defendants further contend that section 5190 of the Code "affords the only method by which both repossession and recovery may be enforced." This section creates no new property right; it simply provides a remedy to enforce an existing right. It does not purport to be an exclusive remedy. It provides that "all reservations, liens, conditions, and the collection of all money mentioned in any such written contract, whether recorded or not, *may be enforced* on a petition to a justice * * * or by bill in equity in * * * (a) court having equity jurisdiction, * * * ." (Italics supplied.)

"The statute * * * is a remedial statute, and must be liberally construed to give effect to the legislative intent. It appears to us that the purpose of the amendment (1904) of the statute is to furnish a remedy coextensive with any case that might fall within its purview or influence." *Liquid Carbonic Co.* v. *Whitehead,* 115 Va. 586, 80 S. E. 104, 107.

Under the terms of the conditional sales contract, after the buyer had made default, the seller was entitled to reclaim the truck; if possession had been denied it, plaintiff might have had recourse to the provisions of this statute. The right to possession of chattels may be exercised without recourse to the courts, provided this can be done peace-

ably. It is only when a right of one is denied or resisted by another, that such party must resort to appropriate legal proceedings to enforce that right. See 55 C. J. 1287, and cases cited in notes 73-79.

For the reasons stated, the judgment of the trial court is reversed, and the case remanded for such further proceedings as are not in conflict with the views herein expressed.

*Reversed and remanded.*