WELLES v. ACREE MOTOR CO.

No. 29566. Oct. 15, 1940.

Rehearing Denied Nov. 19, 1940.

*107 P. 2d 175.*

Bond & Bond, of Duncan, for plaintiff in error.

Robert E. Owen, of Duncan, for defendant in error.

PER CURIAM. The Acree Motor Company, as plaintiff, brought an action against Clifford Y. Welles, as defendant (in which manner the parties will be designated in this opinion), to recover an alleged balance due for an automobile delivered by the plaintiff to the defendant under the terms of a conditional sale contract. A trial resulted in a judgment for the plaintiff, and defendant appeals.

The contract provided for a total payment of $618.70, $202 of which was paid on the date of the execution of the contract. The balance of $416.70 was to be paid in equal monthly installments beginning November 25, 1937. Clause 6 of the contract provided:

"6. Time is of the essence of this contract, and if purchaser default in complying with the terms hereof, or seller deems the property in danger of misuse or confiscation, seller or any sheriff or other officer of the law may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto; and for this purpose seller may enter upon the premises where said property may be and remove same. Such repossession shall not affect seller's right, hereby confirmed, to retain all payments made prior thereto by the purchaser hereunder. Seller may resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to purchaser (if given, notice by mail to address below being sufficient), with or without having such property at place of sale, and upon such terms and in such manner as seller may determine; seller may bid at any public sale. From proceeds of any such sale, seller shall deduct all expenses for retaking, repairing and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to amount due; any surplus shall be paid over to purchaser; in case of deficiency purchaser shall pay the same with interest. Seller may take possession of any other property in the above described motor vehicle at time of repossession, wherever such other property may be therein, and hold same temporarily for purchaser without liability on the part of seller."

Each installment of $27.78 was paid up to and including May 25, 1938. When the installment due June 25, 1938, became due, default was made by the defendant, after which on the 3rd day of July, 1938, plaintiff, having recovered possession of said automobile, sold the same at public auction and credited the amount received on the sale on the amount due and thereupon brought this present action and obtained judgment in the sum of $78.24 for the balance claimed to be remaining due under the terms of the installment contract. Defendant presents in his four assignments of error the single specification that the judgment is contrary to law.

The question to be determined is whether, under the terms of the conditional sale contract, plaintiff can elect to take back the chattel, sell the same at public auction, and maintain an action for the balance claimed to be remaining

due after the proper credit of the amount paid under the installment contract and the amount received from the sale of the chattel.

It is the general rule that a provision in a contract of conditional sale authorizing the seller under certain circumstances to take the property, dispose of it and hold the buyer for any deficiency after applying the proceeds of the sale upon the purchase price, is valid. Smith v. Harrington, 41 Idaho, 155, 238 P. 530; 43 A.L.R. 1240; Bedard v. Ranson, 241 Mass. 74, 134 N.E. 392, 25 A.L.R. 1488; note to National Cash Register Co. v. Paul, 213 Mich. 609, 182 N. W. 44, 17 A.L.R. at p. 1428, and following; note to Mitchell v. Auto Sales Co., 83 A.L.R. at p. 963; note 37 A.L.R. at p. 94; Christie v. Scott, 77 Kan. 257, 94 P. 214; Campbell Motor Co. v. Spencer, 22 Ala. App. 465, 116 So. 892; Central Iowa Motor Co. v. Clancey, 206 Iowa, 1090, 221 N.W. 774; A. & H. Finance Corp. v. Goldman (Mass.) 199 N.E. 350; General Motors Acc. Corp. v. Ballard (N. M.) 17 P. 2d 946; Hamlin v. Sprague, 50 R.I. 99, 145 Atl. 307.

In a conditional sale contract where the title to the property is retained by the seller, the possession of the property, the right to its use and to acquire title thereto is a sufficient consideration to support the promise of the buyer to pay the agreed price of any deficiency remaining after taking and resale of the property according to the contract upon default of the buyer. Smith v. Harrington, supra; Christie v. Scott, supra, and Central Iowa Motor Co. v. Clancey, supra. In the note to National Cash Register Co. v. Paul, supra (17 A.L.R. page 1428, and following) it is suggested that the terms of the contract permitting the repossession, sale, and recovery of deficiency changes the nature of the contract from a pure conditional sale to an equitable lien or a contract in the nature of a chattel mortgage. See, also, note 83 A.L.R. 964. Such, also, is the dictum in the case of Christie v. Scott, supra. But whether the contract becomes a contract for a lien with mutual rights in the buyer to demand an accounting (Mercier v.

Nashua Buick Co. [N.H.] 146 Atl. 165) or whether the contract is construed as an obligation arising upon said contract (see Hamlin v. Sprague, supra) the courts hold the terms of the contract valid. In Campbell v. Spencer, supra, the statement is made that a similar clause in a conditional sale contract has been held valid in every state with the exception of Minnesota and Arkansas.

Defendant insists that our court has held to the contrary. We are of the opinion that the question as presented above is one of first impression in this jurisdiction. Although in Hamlin v. Sprague, supra, the Supreme Court of Rhode Island lists our jurisdiction as having decided the question in favor of the right to obtain a deficiency judgment, in McCormick Harvesting Mach. Co. v. Koch, 8 Okla. 374, 58 P. 626, an examination of this case discloses that the language stating that for a consideration expressed the seller should have the right to recover a deficiency, is dictum. In Galbreath v. Mayo, 70 Okla. 252, 174 P. 517, the general provisions of a conditional sale contract without a provision for retaking and sale was under consideration. Touching this question in all of the cases examined, a distinction is made between the right to repossess, sell, and hold the buyer for deficiency expressed in the terms of the contract and a mere reservation of title without such express right. See Smith v. Harrington, supra, and note to same, 43 A.L.R. p. 1243; 83 A.L.R. note p. 963; 25 A.L.R. note p. 1490; General Motors Acceptance Corp. v. Brown (Cal.) 38 P. 2d 482; A. & H. Finance Corp. v. Goldman, supra. In Haubelt v. Bryan & Doyle, 171 Okla. 338, 43 P. 2d 68, the terms of the contract itself provided that the amount due at the time of the default could be recovered. The terms of the contract were enforced. Therein it is stated:

"The parties at the time of sale may incorporate in their contract any terms, conditions, or provisions which are not unlawful or against public policy which are supported by sufficient consideration, and the courts will not make new contracts for them nor add to nor subtract from their contracts, but will be content

to enforce the contract as made by the parties."

In the contract before us all credits had been given for the installments paid up to and including May 25, 1938. We note also that there was an allegation of a public sale. No more could be required under the contract. In our opinion the contract was valid, and the judgment for the balance due was in all respects proper.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.