**BRUNSWICK CORPORATION, Plaintiff,**

v.

**J & P, INC., an Oklahoma corporation, Lucille Greer and Jack Greer, Defendants.**

Civ. No. 68–101.

United States District Court
W. D. Oklahoma.

Feb. 19, 1969.

F. Paul Theiman, Jr., Tulsa, Okl., for plaintiff.

Max Cook, Allan D. Sasser, Lawton, Okl., Granville Tomerlin, Oklahoma City, Okl., for defendants.

G. M. Fuller, John Swinford, Oklahoma City, Okl., amicus curiae.

## ORDER

DAUGHERTY, District Judge.

The Defendants have filed a Motion requesting the Court to reconsider its Order entered herein on December 20, 1968, in which the Court granted the Plaintiff's Motion for Summary Judgment on the Defendant's Offset and Counterclaim. The Court heard oral arguments presented by both sides on the

Motion to Reconsider. In the course of the oral arguments, the parties reached certain agreements and stipulations in the case with reference to what would be a reasonable attorney's fee for the Plaintiff herein in event it should prevail and the propriety of including a bond premium in Plaintiff's sale expenses. These matters do not pertain to the Defendant's Offset and Counterclaim but do pertain to Plaintiff's other Motion for Summary Judgment on its Complaint which the Court in said Order of December 20, 1968, denied because the issues of what is a reasonable attorney's fee and the Defendant's objection to the inclusion of the bond premium as a proper sale expense present disputes as to material facts which preclude the granting of Summary Judgment on Plaintiff's Complaint.

As to the attorney's fee, the parties have now stipulated that $3500.00 plus $500.00 heretofore claimed in connection with the sale proceeds for a total of $4000.00 would be a reasonable attorney's fee for the Plaintiff herein in event Plaintiff should prevail on its Complaint and the parties do not desire to present evidence to the Court on this issue and, as to the bond premium as a sale expense, the Plaintiff has confessed the Defendant's objection thereto and has withdrawn said item as a part of the sale expenses without prejudice to the right of Plaintiff to claim the same in a Bill of Costs to be filed herein in event Plaintiff should prevail.

In view of said oral arguments and the above mentioned actions and stipulations of the parties with reference to the reasonable attorney's fee question and the bond premium as a sale expense question, the Court now vacates in its entirety its said Order entered herein on December 20, 1968, and replaces the same with this Order.

The Court now reconsiders Plaintiff's Motions for Summary Judgment on (1) Defendant's Offset and Counterclaim based on conversion, and, (2) on its Complaint. In each of these Motions the Plaintiff asserts that no genuine ma-terial fact issues are present. The Motions have been briefed and orally argued by both sides. Plaintiff has also objected to Defendant's Interrogatories of November 11, 1968. As the relevancy of these Interrogatories depends on the Court's disposition of Plaintiff's Motion for Summary Judgment on Defendant's Offset and Counterclaim, Plaintiff's objections will also be determined herein.

First, with reference to Plaintiff's Motion for Summary Judgment regarding the Offset and Counterclaim of the Defendants. By this Offset and Counterclaim, Defendants seek relief by reason of an alleged conversion by Plaintiff of property repossessed by it under the terms of a conditional sales contract. The repossession was effected by replevin. The conversion thereof is alleged to have occurred when the Plaintiff sold the property without first obtaining a judgment in the replevin action. Defendant's Offset and Counterclaim is based on what may be called the doctrine of "conversion, custodia legis" which was announced and applied many years ago by the Oklahoma Supreme Court. Generally, this doctrine provides that one who has a lien against property and replevins the same to obtain possession and then sells the property to satisfy his lien before a judgment has been entered in the replevin matter, commits conversion thereof by said sale. The cases applying this doctrine pertain to chattel mortgages where title to the property is in the mortgagor and the mortgagee has only a lien. The obvious basis or reason for the doctrine of conversion, custodia legis which requires a judgment in replevin before sale is because title to the property involved is in the mortgagor and a replevin bond alone and without judgment confers only a right of possession and does not *affect the title*. This is so provided in the cases applying the doctrine. Scott v. Standridge, 117 Okl. 111, 245 P. 591 (1926); Federal Nat. Bank v. McDonald, 129 Okl. 75, 263 P. 105 (1927). It is significant that no case applying this doctrine has involved a conditional sales contract

where title resides in the vendor. The Court does not believe that this doctrine should be applied to a conditional sales contract such as we have in this case. The debt under a conditional sales contract is not secured by a lien, but by title. The conditional vendee has a right of possession to the property but has no title to the same until he meets the prescribed conditions. The executed writ of replevin alone is adequate to place a conditional vendor in possession of the property. He needs no replevin judgment *affecting the title* for he retained the title and upon obtaining possession he is free to proceed to sell in accordance with the applicable statutes or contract provisions.[1] Defendants urge, however, that the Oklahoma Uniform Commercial Code, 12A Oklahoma Statutes 1–101 et seq., does not permit this procedure, claiming that said Code has abrogated the title retention theory and creates only a lien on the property in the conditional vendor. If this is correct, the doctrine of conversion, custodia legis might apply. The Court, however, fails to find validity in this argument from any provision in said Code. The Code specifically provides that it applies to security interests created by a conditional sale. 12A Oklahoma Statutes 9–102(2). And, that the provisions of the Code apply whether title to the collateral is in the secured party or in his debtor. 12A Oklahoma Statutes 9–202. Those provisions of the Code setting up simple methods of foreclosure and providing for an equity of redemption in a conditional sales contract vendee do not prohibit the use of a conditional sales contract or change its retained title characteristic or alter the vendors right of repossession.

■ The Court, therefore, finds and concludes that the conversion, custodia legis contention of the Defendants forming the basis of their Offset and Counterclaim should not be applied in this conditional sales contract situation and Summary Judgment should be granted in favor of the Plaintiff dismissing and striking the Offset and Counterclaim.

■ Next, with reference to the Motion for Summary Judgment regarding the Plaintiff's Complaint. The default of Defendants is undisputed. The parties have filed a Stipulation herein regarding the amount due on the obligation involved leaving no disputed issue in this regard. The conditional sales contract involved herein provides for a right of deficiency after sale of the security upon default. This is a valid proviso. Welles v. Acree Motor Company, 188 Okl. 173, 107 P.2d 175 (1940); Selected Investment Corporation v. Anderson, 319 P.2d 588 (Okl.1957); 12A Oklahoma Statutes 9–501. Notice of the sale was given to the Defendants and they attended the sale. The parties have now stipulated as to what a reasonable attorney's fee would be for the Plaintiff if it prevails herein and the propriety of a bond premium being an item of sale expense has been eliminated from consideration as far as the Motions under consideration are concerned. The Court, thus, finds and concludes that no genuine issue as to any material facts are presented herein and that the Plaintiff is entitled to a deficiency judgment for the amount reached by stipulations made herein by the parties. In view of the foregoing rulings, the Objections of Plaintiff to Defendant's Interrogatories served on November 11, 1968, are sustained on the grounds that said Interrogatories are not relevant to the issues herein.

Counsel for Plaintiff will prepare an appropriate judgment based on the foregoing and submit the same to opposing counsel and then to the Court for signature and entry herein.

1. Under the "bundle of rights" theory of property ownership, the conditional sales vendor, upon default of the vendee, lacks only one right, that of possession, to complete his title. When he acquires that right through the writ of replevin, his title is complete and a judgment in the replevin action, necessary in the case of a chattel mortgage to vest the title in the mortgagee who only had a lien, is not necessary.