## Staunton.

## McClure Grocery Company, Inc., v. Watson.

### September 22, 1927.

1. Detinue—*Notice of Motion for Judgment in Detinue—Motion by two Parties—Verdict for "Plaintiff"—Case at Bar.*—The instant case was a notice of motion for a judgment in detinue. From the notice it appeared that there were two plaintiffs, W. and S. In the bill of particulars it appeared that the "plaintiffs claim title" and that the "plaintiffs became the purchasers" and in the brief for the defendant in error, the plaintiff W., that the plaintiff joined "with him as coplaintiff" one S. The verdict of the jury found for the "plaintiff" the property described in the notice.

   *Held:* That the verdict of the jury finding for the plaintiff (in the singular number) was too uncertain to warrant the judgment of the court in favor of W. alone; that this error could not be disregarded under the provision of section 6331 of the Code of 1919.

2. Appeal and Error—*Rule XXII of the Supreme Court of Appeals—Saving Clause of the Rule—Verdict for Plaintiff where there are More than One Plaintiff.*—Where an action is brought jointly by two or more plaintiffs and the verdict is for the plaintiff in the singular, the objection to the verdict falls within the saving clause of Rule XXII of the Supreme Court of Appeals, providing that objection not made in the court below will not be considered by the Supreme Court of Appeals, "except for good cause shown, or to enable this court to attain the ends of justice."

3. Detinue—*Notice of Motion for Judgment in Detinue—Verdict—Value of Article Claimed.*—A notice of motion for a judgment in detinue, under section 6046 of the Code of 1919, and the verdict of the jury for plaintiff, were both objectionable, where they did not affix a value to each article claimed in the notice, or found by the verdict.

4. Detinue—*Notice of Motion for Judgment in Detinue—Notice Takes the Place of the Writ and Declaration—Demurrer—Time of Raising Objection that Notice Fails to Affix Value to Each Article Claimed.*—In a proceeding by notice of motion for a judgment in detinue, under section 6046 of the Code of 1919, the notice takes the place of the writ and declaration, and the legal sufficiency of the notice may be tested by demurrer just as in case of a formal declaration, but the

objection that the notice fails to affix a value to each article cannot be raised after verdict. It must be raised by demurrer in the first instance.

5. Detinue—*Notice of Motion for Judgment in Detinue—Verdict—Affixing Value—Writ of Inquiry—Case at Bar.*—As a general rule, a verdict in detinue which does not assess the value of the property is fatally defective, and where more than one article is sued for, and such articles are of different kind and quality, the value of each article must be assessed separately whenever such an assessment is practicable. There are cases where it is impracticable for the verdict to assess every article separately, as, for example, a stock of goods. But where there is a gross assessment, a writ of inquiry may be awarded to ascertain the separate values of the articles sued for. And in the instant case it was error to enter a judgment on the verdict for plaintiff for a gross valuation. A writ of inquiry should have been awarded to ascertain the separate values of the several articles found.

6. Executions—*Judgment for Personal Property—Writ of Possession or Fieri Facias.*—Generally, under the provisions of section 6484 of the Code of 1919, when the judgment is for personal property, the *plaintiff* may, at his election, have a writ of *fieri facias* for the alternative value (instead of a writ of possession) and the damages and costs, but where the action is for the recovery of property under a contract made as security for the payment of money, *e. g.*, a conditional sales contract, the *defendant* has the election to hold the property and pay the debt. Code of 1919, section 5801.

7. Mortgages and Deeds of Trust—*Title of Trustee—Compliance with Conditions of Trust Deed—Rule at Law and in Equity.*—The trustee in a deed of trust takes a legal, though defeasible, title, and a deed from him to the purchaser conveys an absolute estate in a court of law, whether the conditions of the trust deed have been complied with or not, though a different rule prevails in equity.

8. Detinue—*Proceeding by Notice of Motion for Judgment in Detinue by Purchasers of Property at Sale Under Deed of Trust Against Defendant, Purchaser at Execution Sale—Right of Defendant to Show that Trustee's Sale was a Fraud—Case at Bar.*—The instant case was a proceeding by notice of motion for a judgment in detinue, under Code of 1919, section 6046. Plaintiff was a purchaser of the property in question at a sale under a deed of trust. Defendant was a purchaser at an execution sale to satisfy executions in favor of sundry creditors, including defendant. Defendant claimed that the sale under the deed of trust was a mere sham and a fraud, and that there had been no change in the title or ownership of the property.

*Held:* That as fraud vitiates all transactions, defendant should be allowed to show that the alleged sale was a mere sham and fraud

upon creditors, and that that fact was known to the purchaser at the sale.

9. Mortgages and Deeds of Trust—*Bona Fide Purchaser at Sale Under Deed of Trust—Acts of Ownership Over the Property After Sale by Former Owner.*—A *bona fide* purchaser for value at a sale had under a deed of trust is not responsible for acts of ownership over the property after the sale exercised by the former owner or other person without his knowledge and consent.

Error to a judgment of the Circuit Court of Dickenson county, in a proceeding by motion for a judgment in detinue. Judgment for plaintiff. Defendant assigns error.

*Reversed and remanded.*

The opinion states the case.

*G. Mark French* and *S. H. & Geo. C. Sutherland*, for the plaintiff in error.

*A. A. Skeen* and *John M. Skeen*, for the defendant in error.

Burks, J., delivered the opinion of the court.

The condition of the record in this case is such that the ends of justice require that there should be a new trial. The proceeding was by notice of motion for a judgment in detinue (under section 6046 of the Code), of which the following is a copy:

"To the McClure Grocery Company (Incorporated).

"Take Notice: That on the 3rd day of November, 1926, that being a day of the next term of the Circuit Court of Dickenson county, Virginia, we, the undersigned, will move said court for judgment against you for the following property or its alternative value, which property belongs to us and which you wrong-

fully and unlawfully withhold from us, viz: One saw-mill, a tram road, including the steel rails, a locomotive, four log cars, one log loader and skidder, one hoister engine and all the tools and equipments used in connection with the above described property, all of which property was a short time ago located on Roaring Fork of McClure creek and being the same property that was heretofore owned by Sutton & Burleson in manufacturing lumber from a lumber operation operated by said Sutton & Burleson on Roaring Fork of McClure creek as above described, of the value of $12,500.00, this being the value of said property above set forth.

"This October 15, 1926.

"E. F. Watson.

"S. Sternberg."

The plaintiffs claimed as purchasers at a sale under a deed of trust made by L. A. Sutton and Joe M. Burleson. The defendant claimed that the grantors in the deed had conducted a sawmill business in the firm name of Sutton & Burleson, that the alleged sale was a mere sham and a fraud, that there had been no change in the title or ownership of the property, and that the property had been levied on and sold by the sheriff to satisfy executions in his hands in favor of sundry creditors, including the defendant, against L. A. Sutton and Sutton & Burleson, and that at such sale the defendant became the purchaser. The defendant pleaded *non detinet.*

The plaintiff filed the following bill of particulars:.

"E. F. Watson, et als, Plaintiffs,

v.

"McClure Grocery Corporation, Defendant.

"The plaintiffs claim title to the property in controversy by reason of the deed of trust executed by L. A. Sutton and Joe M. Burleson to Thomas R.

Byrd, trustee. Said deed of trust is recorded in the clerk's office of Dickenson county, Virginia, in Deed Book 47, page 375, etc. And by a subsequent sale of the said property by Thomas R. Byrd, trustee, under and by virtue of said deed of trust on the 14th day of May, 1925, at which sale the plaintiffs became the purchasers."

"A. A. & John M. Skeen,
"Counsel for Plaintiffs."

The defendant filed the following grounds of defense:

"E. F. Watson, Plaintiff,
*v.*
"McClure Grocery Company, Defendant.

"The defendant at the trial will rely upon purchase from sheriff on following executions against L. A. Sutton, L. A. Burleson and Sutton Lumber Company, Castlewood Grocery Company, Trammel Supply Company, E. H. Whitt, McClure Grocery Company.

"That the defendants are in possession of the property and the plaintiff has no title."

"McClure Grocery Co.,
"By G. Mark French, counsel."

[1] It will be observed from the notice that there were two plaintiffs, E. F. Watson and S. Sternberg, and from the bill of particulars that the "plaintiffs claim title" and that the "plaintiffs became the purchasers," and in the brief for the defendant in error that the plaintiff joined "with him as coplaintiff in said action one S. Sternberg, who had purchased from him an interest in said property," and yet the verdict of the jury was, "We the jury find for the plaintiff the property described in the within notice and find it to be of the value of $4,000.00," without saying which plain-

tiff, and the judgment of the court was that "the plaintiff E. F. Watson recover of the defendant, McClure Grocery Corporation, the property described in the within notice of the value of $4,000.00, and his costs." It was at no time suggested that there had been any misjoinder of plaintiffs and Sternberg continued on the record as a joint plaintiff, and rightly so, if the statement aforesaid in the brief for defendant in error is correct, though the record fails to disclose the purchase referred to in the brief. The allegation of the joint ownership of Sternberg, in the notice and the bill of particulars, could not have been unintentional. It was made because it was a fact, and admitted in the brief for the same reason, but it was not proved. The proof did not correspond with the allegation. It was probably an oversight just as the failure to prove any value of any of the property was overlooked, and the witness had to be recalled to prove such value. The joint ownership being asserted in the notice and in the bill of particulars and admitted in the brief of counsel for Watson in this court, the verdict of the jury finding for the plaintiff (in the singular number) is too uncertain to warrant the judgment of the court in favor of Watson alone.

Upon the record and the evidence in this case, we cannot disregard the error committed under that provision of section 6331 of the Code, which permits it "where it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached."

[2] If it be said that this objection was not made in the trial court and hence cannot be considered here under Rule XXII, it is to be observed that there is a saving clause in the rule, "except for good cause shown, or to enable this court to attain the ends of justice."

[3] There is a further objection to the notice and to the verdict of the jury. They do not affix a value to each article claimed in the notice, or found by the verdict.

[4] In a proceeding under section 6046 of the Code, as this is, the notice takes the place of the writ and declaration, and the legal sufficiency of the notice may be tested by demurrer just as in case of a formal declaration, but the objection that the notice fails to affix a value to each article cannot be raised after verdict. It must be raised by demurrer in the first instance. *Bates* v. *Gordon*, 3 Call (7 Va.) 555; 14 Cyc. 268, and cases cited.

[5] There are cases where it is impracticable for the verdict to assess every article separately, for example, a stock of goods, on a large plant consisting of many movable articles—but "as a general rule, a verdict in detinue which does not assess the value of the property is fatally defective, and where more than one article is sued for, and such articles are of different kind and quality, the value of each article must be assessed separately wherever such an assessment is practicable." 14 Cyc. 273–4; *Higginbotham* v. *Rucker*, 2 Call (6 Va.) 313. But where there is a gross assessment, a writ of inquiry may be awarded to ascertain the separate values of the several articles sued for. *Cornwell* v. *Truss*, 2 Munf. (16 Va.) 195; Code, section 5802.

It was error, therefore, in any event, to enter a judgment on the verdict for a gross valuation. A writ of inquiry should have been awarded to ascertain the separate values of the several articles found.

[6] Generally, under the provisions of section 6484 of the Code, when the judgment is for personal property, the *plaintiff* may, at his election, have a writ of *fieri facias* for the alternative value (instead of a writ

of possession) and the damages and costs, but where the action is for the recovery of property under a contract made as security for the payment of money, *e. g.*, a conditional sales contract, the *defendant* has the election to hold the property and pay the debt. Code, section 5801.

In *Baker* v. *Swineford*, 97 Va. 112, 33 S. E. 542, a plaintiff in detinue obtained a judgment for certain worthless bonds, which the jury said were of the value of $1,680.00, and issued a *fieri facias* for the $1,680.00. The right to issue the writ was not called in question, but the execution was set aside for other reasons.

It is assigned as error that the deed of trust under which the sale was made was not introduced in evidence, and that there was no evidence of the existence of the facts necessary to authorize the sale; and furthermore that the court excluded testimony tending to show that there was no *bona fide* sale under the trust, and that the alleged sale was mere sham.

[7–9] "The trustee in a deed of trust takes a legal, though defeasible, title, and a deed from him to the purchaser conveys an absolute estate in a court of law, whether the conditions of the trust deed have been complied with or not, though a different rule prevails in equity." *Sulphur Mines Co.* v. *Thompson*, 93 Va. 293, 315, 25 S. E. 232, 236; *Taylor* v. *King*, 6 Munf. (20 Va.) 358, 8 Am. Dec. 746; *Harris* v. *Harris*, 6 Munf. (20 Va.) 367; *Pownal* v. *Taylor*, 10 Leigh (37 Va.) 172, 34 Am. Dec. 725; *Wasserman* v. *Metzger*, 105 Va. 744, 54 S. E. 893, 7 L. R. A. (N. S.) 1019. The deed was treated by the parties and by the trial court as in evidence, and it was not necessary to prove compliance with its terms in a court of law. Fraud, however, vitiates the most solemn instruments and transactions, and if the defendant can show that the

alleged sale was a mere sham and delusion, and a fraud upon the rights of creditors of the firm of Sutton & Burleson, and that fact was known to the purchaser at the sale, it should be permitted to do so. If, however, Watson was a *bona fide* purchaser for value at that sale, he is not responsible for acts of ownership over the property after the sale exercised by Sutton or any other person without his knowledge and consent.

Rule XXII of this court excludes the consideration by this court of several of the assignments of error, including the objection to the instruction of the court given at the instance of the plaintiffs. Instructions 1 and 2, tendered by the defendant, were properly refused for lack of evidence to support them.

Other questions raised by the various assignments of error will probably not arise on a second trial and hence need not be considered.

For the errors hereinbefore pointed out, the judgment of the trial court will be reversed, the verdict set aside and the case remanded for a new trial, to be had in conformity with the views hereinbefore expressed.

*Reversed and remanded.*