## Staunton.

McCLURE GROCERY COMPANY, INC. v. E. F. WATSON.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*S. H. & Geo. C. Sutherland* and *G. Mark French*, for the plaintiff in error.

*A. A. Skeen* and *John M. Skeen*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

On the 3rd day of November, 1926, E. F. Watson and S. Sternberg docketed their notice of motion for judgment in detinue against McClure Grocery Company, Incorporated, under the provisions of section 6064 of the Code. In the notice the property claimed by plaintiffs is described as "One saw-mill, a tram road, including the steel rails, a locomotive, four log cars, one log loader and skidder, one hoister engine and all the tools and equipments used in connection with the above described property, all of which property was a short time ago located on Roaring Fork of McClure creek and being the same property that was heretofore owned by Sutton & Burleson in manufacturing lumber from a lumber operation operated by said Sutton & Burleson on Roaring Fork of McClure creek as above described, of the value of $12,500.00, this being the value of said property above set forth."

It appears from the record that L. A. Sutton and J. M. Burleson, who were engaged in manufacturing lumber in Dickenson county, became involved finan-

cially and in the year 1921 executed a deed of trust upon the property set forth in the notice, to Thomas R. Byrd, to secure the holders of certain negotiable notes mentioned therein. For a valuable consideration, Watson, a citizen of North Carolina, became the owner of the notes secured by the deed of trust, and default having been made in the payment thereof at maturity, a sale under the terms of the trust deed was had and Watson became the purchaser of the property.

In the meantime, numerous judgments were obtained against Sutton and Burleson by local business concerns, among which was the grocery company. Upon the judgment obtained by the grocery company execution was issued, the property in litigation was levied upon, a sale was had and the company became the purchaser. Immediately thereafter this notice in the nature of an action of detinue was brought. Prior, however, to the execution sale, Watson had entered into a contract of sale of the property with S. Sternberg, also a citizen of North Carolina. One of the provisions of the contract between Watson and Sternberg was that the property should be free from any liens or encumbrances. When Sternberg ascertained that the title to the property was involved he rescinded the sale. In view of the attempted sale to Sternberg, and with his consent, Watson, upon advice of counsel, united Sternberg as a party plaintiff in the action against the grocery company.

The main defense interposed by the defendant was that Watson was not a *bona fide* purchaser of the notes secured by the Byrd deed of trust; that he was the agent and attorney of Sutton and Burleson; and that the purported sale under the deed of trust was an effort to fraudulently convert the property for the benefit of Sutton and Burleson. Watson's reply to the charge

of fraud was that as a creditor of Sutton and Burleson he had purchased the deed of trust notes in good faith and did so in order to protect his claim against Sutton and Burleson.

A trial by jury was had which resulted in the following verdict: "We the jury find for the plaintiff the property described in the within notice and find it to be of value of $4,000.00." Over the objection of the defendant the court entered judgment carrying into effect the verdict of the jury. That judgment was before this court upon a writ of error granted the defendant and the case is reported in 148 Va. 603, 139 S. E. 288.

In reversing the action of the trial court in entering judgment upon the verdict of the jury, Judge Burks held that the verdict of the jury was erroneous for two reasons: (1) That the jury only found in favor of one plaintiff when the finding should have been in favor of both plaintiffs; (2) that the jury in its verdict failed to fix separately the value of each article of property awarded the plaintiff.

Before the case came on to be again tried, Watson served upon the defendant this notice:

"Upon the calling of this case for trial the plaintiff will move the court to abate or dismiss as to plaintiff Sternberg and to permit same to be prosecuted in the name of E. F. Watson as the sole plaintiff, and will ask permission of the court to file the following additional bill of particulars and have same treated as a part of the original notice of motion for judgment:

"The plaintiff claims title to, and the right to recover of the defendant, steel rails which were used in the construction of the tram road set forth in the notice of motion, being about 158½ tons, of the value of $3,000.00; a saw mill set forth in said notice of the value of

$400.00; a log roller set forth in said notice of the value of $200.00; a climax locomotive set forth in said notice of the value of $300.00; one hoisting engine set forth in said notice of the value of $100.00; making a total valuation of said property of $4,000.00."

Upon the calling of the case for trial, the court permitted the notice to be amended by strking out the name of Sternberg, and allowed the bill of particulars to be filed. This action was taken without objection on the part of the defendant. The defendant did, however, file the following grounds of demurrer:

"The notice of motion does not apprise the defendant as to whether judgment will be asked for the specific property or its value.

"The description of the property is not sufficient and the value of each article is not set forth in the notice."

Upon demand of the plaintiff, defendant filed its grounds of defense. The main grounds of defense are that plaintiff acquired the property sued for after the institution of the action; that the sale under the deed of trust was had with intent to defraud the creditors of Sutton and Burleson; and that Watson was not the owner of the property, having conveyed same to Sternberg.

The second trial resulted in a verdict in favor of Watson and judgment was entered thereon. It is to that judgment this writ of error was awarded.

Ten assignments of error are urged upon us. Many of them are purely technical and do not, in our view of the case, affect in the slightest degree the merits of the controversy.

During the progress of the case it developed in the examination of George E. Davis, a witness for the defendant, that Davis, as agent for Sutton and Burleson, had sold a certain boundary of timber to one

Fain; that this timber was covered by the Byrd deed of trust and sold thereunder. While testifying, Davis, also at the request of defendant, produced a number of letters which he had received from Sutton and Burleson and Fain relative to the sale of the timber. Upon examination of this correspondence, counsel for defendant moved the court to grant a continuance of the case to secure the attendance of Fain and Burleson as witnesses. This motion the court overruled. This action of the court is assigned as error.

The contention of the defendant is that the Davis correspondence revealed that Fain and Burleson were material witnesses. Their materiality is not disclosed by the record, as no avowal was made indicating the purport of their evidence if they were present. That Fain had purchased, cut and shipped the timber bought from Sutton and Burleson seems to have been within the knowledge of every one in the community. If a material witness, why he was not summoned is not disclosed by the record. From our examination of the correspondence we are unable to perceive the materiality of the evidence of Fain and Burleson. There is no merit in this assignment of error.

The several other errors complained of relate to the action of the court in striking out all the evidence for the defendant, in giving one instruction for the plaintiff, in refusing eleven instructions offered by the defendant, and in overruling the motion to set aside the verdict and enter judgment for the defendant.

It is unnecessary to discuss these assignments in detail as there can be, in our opinion, but one result following this litigation. Stripped of all technicalities, the only basis upon which the defendant can prevail is its success in showing that the sale to Watson was a fraud. Though given two chances to prove that the

sale under the deed of trust was made to hinder, delay and defraud defendant and other creditors of Sutton and Burleson, it has signally failed in both of its efforts.

The evidence is voluminous, and (in the view of two juries) conclusive that Watson was a *bona fide* holder of the debt asserted against Sutton and Burleson. It is not only a rule of decision, but with us a statutory rule (Code of 1919, section 6331), that "when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits, and substantial justice has been reached," this court should not disturb the judgment of the trial court based upon the verdict of a jury.

Upon the whole case, we are of opinion that substantial justice has been attained, and the judgment should be affirmed.

*Affirmed.*