# Richmond

MARK R. LLOYD, TRADING AS LLOYD MOTOR COMPANY *v.*
THE FEDERAL MOTOR TRUCK COMPANY.

March 11, 1937.

Present, Campbell, C. J., and Hudgins, Gregory,
Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Scott, Lloyd & Scott,* for the plaintiff in error.

*Edwards & Davenport,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This controversy arises out of the sale of two motor trucks by the Federal Motor Truck Company, a corporation (hereinafter called plaintiff), to Mark R. Lloyd, trading as the Lloyd Motor Company (hereinafter called defendant).

Two conditional sales contracts, bearing dates of December 22, 1928, and June 6, 1929, respectively, were duly executed by the parties to secure the payment of the unpaid purchase price of the two trucks, to-wit: for the respective

sums of $1,563.30 and $1,027.13. The contracts, identical in form, provided, *inter alia,* that the title to the trucks should remain in the plaintiff until payment of the purchase price; that upon default in the payment thereof, the plaintiff should have the right to the possession of the two trucks and the further right to sell same either at public auction or private sale. A further provision of the contracts was that the trucks should be located at a designated place in the city of Richmond, and "shall not be removed therefrom, except for the installation of body and in such case must not be removed from said State, and must be returned to said premises within thirty (30) days thereafter; that said motor vehicle shall not be sold or offered for sale, let, assigned, incumbered, used for hire, or for demonstration, or operated under its own power or disposed of in any way, and said motor vehicle shall be kept and maintained by the Purchaser in good condition and repair, free from all liens, charges, and all taxes now or hereafter levied upon said motor vehicle or against the Seller by reason of the ownership thereof shall be paid by the Purchaser."

The record further discloses that for a period of sixteen years defendant had acted as sales agent for the plaintiff and at the time of default in payment there was no diminution in the value of the trucks.

On October 14, 1932, the plaintiff brought, in the Circuit Court of the city of Richmond, an action of detinue against defendant for the recovery of possession of the two trucks. The declaration alleged that defendant was in default in his payments and that he had refused to re-deliver to plaintiff the two trucks pursuant to the terms of the conditional sales contract.

At the time of the bringing of its action of detinue, the plaintiff, by its agent, filed an affidavit before the clerk of the court, alleging there was good reason to believe that the trucks would be disposed of by the defendant before judgment, and thereupon, pursuant to the provisions of section 5797 of the Code, plaintiff secured possession of the trucks, which, according to the affidavit filed by the agent of plaintiff, were then valued at $2,590.43.

On the return day of the notice in the action of detinue, the defendant appeared and admitted the execution of the conditional sales contract, and, under the provisions of section 5801 of the Code, elected not to pay the unpaid purchase price but to surrender the two trucks to the plaintiff.

Upon this state of the pleadings, the circuit court, pursuant to the provisions of section 5801 of the Code, on the 22nd day of November, 1934, entered this judgment: "That the said complainant, Federal Motor Truck Company, Incorporated, do have and recover of the defendant, Mark R. Lloyd, trading as the Lloyd Motor Company, the said two Federal Motor vehicles * * * and its costs in this behalf expended."

No exception to this action of the circuit court was taken by the plaintiff, and in conformity with the judgment, the two trucks, valued at the sum of $2,590.43, became the property of the plaintiff.

In the meantime, while the detinue action was pending in the circuit court, the plaintiff, on the 8th day of April, 1933, filed its notice of motion for judgment against the defendant, to recover the principal sum of $2,207.16. (In the notice of motion it is alleged that defendant breached the contracts of sale, and that after demand was made upon defendant, plaintiff took possession of the two trucks and sold them, leaving a deficiency against defendant in the sum of $2,207.16.)

On the return day of the notice, defendant appeared and moved the court to dismiss or stay the action, on the ground that the detinue action was then pending in the circuit court. The court overruled the motion to stay the action, and thereupon the whole matter of law and fact was submitted to the court for final adjudication. Upon reflection, the trial court did, however, notify counsel that it would not determine the matter until a final disposition of the proceedings in the circuit court.

On the 12th day of August, 1935, the defendant appeared in the Law and Equity Court of the City of Richmond and by leave of court filed this supplemental plea:

"For further plea in his behalf, this respondent comes and says that since the last continuance of this cause the Circuit

Court of the City of Richmond in the cause pending before it as set out in the plea and answer of this respondent filed herein on the 1st day of December, 1933, decided that the plaintiff having elected to repossess the trucks involved in this proceeding and that the defendant having exercised the election given him by the provisions of section 5801 of the Code of Virginia not to pay the purchase price of said trucks but to surrender the same, that the said plaintiff was bound by said election and the Circuit Court has so recognized the election of this defendant and entered an order accordingly on November 22, 1934, all of which will more fully and at large appear from the proceedings in said court since said date, copies of which are herewith filed as a part hereof. And this the said defendant is ready to verify.

"Wherefore this respondent prays judgment of this court that the plaintiff take nothing by its notice of motion herein and that this defendant go hence without day."

At a later date, on motion of the plaintiff, the court struck out the above plea and entered the judgment brought under review by this writ of error.

It is the contention of defendant that the plaintiff, having elected to avail itself of the remedies provided by chapter 237 of the Code (section 5797 et seq.), is bound by said election and therefore is precluded from bringing this action to recover upon the conditional sales contract.

Chapter 237 of the Code relates to the action of detinue and provides remedies for the enforcement of rights when personal property is illegally witheld from the person entitled to possession thereof.

The plaintiff instituted its action of detinue in the circuit court under the provisions of section 5797, which section gave it the right, under the conditions there stated, to the immediate possession of the two trucks which were to be retained by plaintiff until disposed of by the court under the provisions of section 5801 of the Code.

Section 5801 reads as follows:

"When final judgment is rendered on the trial of such action or warrant, the court or justice shall dispose of the property

or proceeds, according to the rights of those entitled; and when in any such action or warrant the plaintiff shall prevail under a contract which, regardless of its form or express terms, was in fact made to secure the payment of money to the plaintiff or his assignor, judgment shall be for the recovery of the amount due the plaintiff thereunder, or else the specific property, and costs, and the defendant shall have the election of paying the amount of said judgment or surrendering the specific property, and the court or justice may grant the defendant a reasonable time, not exceeding thirty days, within which to discharge such judgment upon such security being given as the court or justice may deem sufficient."

When confronted with defendant's default in the payment of the purchase price of the trucks, plaintiff had these rights: (1st) To seek the peaceable possession of the trucks (in the event re-delivery was denied by defendant); (2nd) to institute an action at law for the recovery of the unpaid purchase price; (3rd) to institute a suit in equity to foreclose the lien; (4th) to proceed under the provisions of section 5190 of the Code for the sale or possession of the property and for a deficiency judgment; or (5th) by action of detinue under the provisions of chapter 237. A resort to either one of the first three remedies provided by statute afforded a cumulative remedy for the enforcement of the contracts, with the added right to have the property sold and the entry, if necessary, of a deficiency judgment pursuant to the terms of the contracts. *Universal Credit Company* v. *Taylor*, 164 Va. 624, 180 S. E. 277.

Section 5801 affords to the plaintiff no such right as the sale of the property and the entry of a deficiency judgment. That section, which has wrought a radical change in the common law, provides that instead of the plaintiff being endowed with the right to elect whether he will take the property sued for or accept a money judgment, "the defendant shall have the election of paying the amount of said judgment, or surrendering the specific property."

While the statute does not in terms provide for the

extinguishment of the debt upon the surrender of the property by the defendant, the conclusion is inescapable that such was the legislative intent, "regardless of the form of the contract or its express terms." This conclusion does no violence to the terms of the contract, for the reason that when plaintiff elected to resort to the action of detinue and thus rescind the contract, it did so with full knowledge of the provisions of section 5801. The value of the trucks having been fixed by the plaintiff at $2,590.43, it is a fair inference that in resorting to the action of detinue plaintiff was aware of the fact that the two trucks were of the same value as when sold and that no use had been made of them by defendant, its sales agent, except for the purpose of display in the designated place of storage. If this be true, it was to the advantage of the plaintiff not to repossess the trucks for the purpose of resale and applying the proceeds thereof to the purchase price, but to become the sole owner of the trucks by reason of their then value, in case defendant elected to surrender them, or else to obtain a judgment for the full value of the trucks in case defendant elected to discharge the money judgment.

In this connection it is to be noted that the defendant cannot by election merely abide the judgment. He must in order to avail himself of the benefit conferred by the statute in this regard elect to pay the judgment, and, if necessary, the court will require the execution of a security bond to insure payment.

As heretofore stated, when by the judgment of the court the trucks were delivered, they became the absolute property of the plaintiff, and when they were sold—not by the court but by the plaintiff—the plaintiff assumed the risk of its own property not bringing an adequate price.

This is not a case where a used or worthless chattel has been forced upon the seller in extinguishment of the debt. Upon the contrary if the judgment of the Law and Equity Court should be affirmed, the plaintiff who has rescinded the contract by proceeding in detinue to recover the specific chattels, would secure the property valued at $2,590.43, and

in addition thereto, recover of the defendant the sum of $2,-207.16, the amount of the deficiency when the trucks were sold.

Counsel for the plaintiff, in support of his contention that the parties are bound by the terms of the contract, cites numerous authorities from other jurisdictions to sustain his position. A careful examination of the decisions discloses that they are not dealing with a statute which impliedly permits the seller to rescind the contract in order to secure payment of the money judgment, or else recover the specific chattel which may be of greater value at the date of the judgment than it was at the date of sale.

Counsel also relies upon the holding of this court in *Universal Credit Company* v. *Taylor*, 164 Va. 624, 180 S. E. 277, to sustain his contention. In that case Mr. Justice Hudgins, after an exhaustive discussion of the rights of the parties under a conditional sales contract, reached the conclusion that where the buyer voluntarily surrenders the property to the seller, then, under the terms of the contract, the seller has the right to sell the property, and if there is a deficiency, he may recover the unpaid balance. In the opinion, no reference is made to section 5801, for the reason that it was not under review in that case.

The only decision of this court involving section 5801 of the Code is *McClure Grocery Company* v. *Watson*, 148 Va. 601, 607, 139 S. E. 288, 290. In that case Judge Burks said:

"Generally, under the provisions of section 6484 of the Code, when the judgment is for personal property, the *plaintiff* may, at his election, have a writ of *fieri facias* for the alternative value (instead of a writ of possession) and the damages and costs, but where the action is for the recovery of property under a contract made as security for the payment of money, *e. g.*, a conditional sales contract, the *defendant* has the election to hold the property and pay the debt. Code, section 5801."

In Burks' Pleading and Practice (3d Ed.) section 133, page 238, we read:

"Where the plaintiff prevails in detinue under a contract

which, regardless of its form or express terms, was in fact made to secure the payment of money to the plaintiff or his assignor, the *defendant* is given the right to elect either to pay in money the amount of the judgment or surrender the specific property."

See also, note following the above paragraph.

For the reasons stated, the judgment of the Law and Equity Court of the city of Richmond will be reversed and annulled, and judgment in favor of Mark R. Lloyd, trading as Lloyd Motor Company, will be entered in this court.

*Reversed.*